Goode & Son *vs.* Rawlins.

---

D. GOODE & SON, plaintiffs in error, *vs.* N. RAWLINS, sheriff, defendant in error.

(BY TWO JUDGES.)—1. Where a sheriff is ruled by a plaintiff in *fi. fa.*, and answers, to which answer a traverse is filed, and plaintiff, at a subsequent term, proposes to withdraw his traverse and substitute another, it is impossible for this Court to say that the Court below abused its discretion in allowing the sheriff a continuance, on the ground of such substitution, unless we had the new traverse before us.

2. It is not necessary, under Revised Code, section 3898, that the consent of the mortgagor, mortgagee and plaintiff in *fi. fa.*, levied, to sell the entire fee in the land levied on, should be in writing.

3. It follows, that where one, purporting to be the agent of the mortgagor, gives such consent, it is not necessary that the agency should be created in writing.

4. A ratification of the act of such agent by the mortgagor, supposing the agent had no authority at the time of sale, is valid under Revised Code, section 2165.

5. It is not necessary for the Court to apply the law given in charge to the jury, to the facts of the case, when application is plainly apparent.

6. Counsel should request the Court to charge upon the material points in the cause. (R.)

7. If a sheriff undertakes to sell the fee in land, when in fact he is selling only the equity of redemption, the bidder cannot be compelled to pay the amount bid by him. (R.) 20th February, 1872.

Practice. Mortgage sales. Principal and Agent. Charge of the Court. Mistake at sheriff's sale. Before Judge ALEXANDER. Pulaski Superior Court. April Term, 1871.

This case is reported in the opinion.

H. C. DUNCAN; W. L. GRICE, for plaintiffs in error.

HANSELL & HANSELL; PATE & RYAN, by CLARK & SPENCER, for defendant.

MONTGOMERY, Judge.

This was a rule against the sheriff to pay money over to the plaintiffs, under the following circumstances: D. Goode & Son were judgment creditors of one Merritt. The sheriff, at the instance of other judgment creditors, had levied on defendant's one half interest in a warehouse, on which one Bozeman held a mortgage for some $4,000 00. On the day of sale, the plaintiffs in *fi. fa.* levied the mortgages, and Anderson, the son-in-law of the mortgagor, representing his father-in-law, who was in Montana, agreed that the entire fee in the premises might be sold, the mortgagee consenting to look to the proceeds of the sales to reimburse himself. The *fi. fa.* of Goode & Son had not been levied. The announcement was publicly made, at the sale, of the agreement to sell the entire fee, and the property brought some $3,500 00. Anderson had no written authority from his father-in-law to consent to the sale of the entire fee, but was his general agent, to attend to his business in Georgia. After the sale, he wrote to Merritt, informing him of what had been done, and Merritt, by letter, ratified his action. Goode & Son gave notice to the sheriff, after the sale, that they would claim the money on their *fi. fa.*, notwithstanding which the sheriff paid the money over to the mortgagee. Goode & Son then ruled the sheriff, who answered, setting forth the facts as above stated. The answer was traversed, among other reasons, because the agreement to sell the entire fee was a contract concerning lands, and was not in writing, and hence, there was no agreement on the part of Merritt to sell the entire fee. This traverse was filed at a term preceding the trial, and at the trial, Goode & Son moved to withdraw their traverse and substitute a new one. Counsel for Rawlins said the new traverse was a surprise to him, and he should claim a continuance if it was filed.

Goode & Son *vs.* Rawlins.

The Court ruled that Goode & Son might file their new traverse, but under the statement of counsel for Rawlins, he would grant a continuance. With this condition attached to the permission to file the new traverse, counsel for Goode & Son declined to file it, and proceeded to trial on the old traverse.

The jury found in favor of the sheriff. Goode & Son, without making a motion for a new trial, excepted, and assigned the following errors:

1st. In not allowing them to substitute a new for the old traverse, without permitting a continuance, if the opposite counsel claimed to be surprised.

2d. In charging the jury that, if R. W. Anderson was the agent of Merritt, it was not necessary that his appointment should be in writing.

3d. In charging the jury that, if Anderson was Merritt's agent, and consented to the sale, as made, such consent was valid, although it was not given in writing.

4th. In charging that, if Anderson, professing to act as agent for Merritt, consented to the sale, such consent became valid, if subsequently ratified by Merritt.

5th. In charging that the consent of the mortgagor, mortgagee and plaintiffs in *fi. fa.* levied, was sufficient, although such consent was not in writing.

6th. In reading sections 2152 and 2166 of the Code, without making any application of the law to the facts of the case.

There was one other assignment of error, which the Judge refused to certify. The proposed new traverse does not appear in the record.

1. This new traverse not being in the record, it is impossible for us to say that the Judge below abused his discretion in putting the party who proposed to amend upon terms.

2. It is argued that the agreement between the mortgagor, mortgagee and plaintiffs in *fi. fa.* levied under section 3898 of the Code, is a contract for the sale of lands, or an inter-

est in them, and that, therefore, under section 1940 of the Code, it must necessarily be in writing to make it valid. We do not think that it is a contract for the sale of lands, or any interest in them. It is an agreement by the parties interested that the land in which they are jointly interested may be sold, not a contract for its sale, made with one who contemplates purchasing, which is the class of cases, of this kind, to which the Statute of Frauds was intended to apply.

3. It necessarily follows that an agency, created by one of the parties in interest to give his assent to such an agreement, need not be in writing.

4. And a ratification of the act of one who volunteers to act as agent in such an agreement, is valid under Revised Code, section 2166.

We see no error in the Court's reading, without making the application, sections 2152 and 2156 of the Code, to the jury.

5. The jury must be presumed to have some degree of intelligence, and if they had any, the application of the sections read to the case under their consideration, was too plainly apparent to need explanation from the Court.

6. Counsel for plaintiff in error, in his brief, dwells much upon the invalidity of Bozeman's mortgage, and says, " one traverse distinctly denies the validity of Bozeman's mortgage, as well as the mortgage debt, and the sheriff offers no proof in support of them." Suppose it was his duty to do so and he failed ? There appears to have been no request for the Court to charge this as law to the jury, and none of the assignments of error cover this point. And this remark is applicable to many of the points made in the argument of counsel. This Court can only consider such points as have been passed upon by the Court below, and are made by the record.

7. Finally, what good purpose of the plaintiffs in error would be served by holding in this proceeding that only the equity of redemption in the land had been sold ? It is very certain that the purchaser at the sale has the right to the entire fee, or a rescission of the sale. It will hardly be ques-

tioned that he could enjoin the sheriff from paying over the money, if the latter were to offer him only a title to the equity of redemption. That the mortgagee was the purchaser does not alter the case.

We, therefore, affirm the judgment of the Superior Court.