7706.   THORNTON v. THE STATE.

Under the facts of this case, the charge of the court was sufficiently full,
in the absence of a timely written request for further and more particu-
lar instructions.
                    DECIDED OCTOBER 31, 1916.

Indictment for assault with intent to murder; from Washington
superior court—Judge Kent.   June 13, 1916.

*Evans & Evans,* for plaintiff in error.

*R. Lee Moore, solicitor-general,* contra.

BROYLES, J.   G. W. Thornton was convicted of the offense of an
assault with intent to murder, and, being recommended to the
mercy of the court, was sentenced as for a misdemeanor.   The
only evidence for the State was the testimony of the prosecutor,
who stated that the defendant, without any provocation whatever,
seriously injured him by striking him on the head with a six-pound
smoothing iron, a weapon likely to produce death; that the defend-
ant was boarding at the house of the prosecutor, and that he
assaulted the prosecutor in a room therein.   The defendant intro-
duced no witnesses, and, in his statement at the trial, admitted
striking the prosecutor with the iron as described, but claimed
that the prosecutor was cursing him and advancing on him with
an open knife at the time the blow was given, and that he was
backing away and telling the prosecutor not to come on him and

not to cut him; that he struck the prosecutor with the iron in self-defense. The prosecutor, in rebuttal, testified that he had no knife during the difficulty, and did not try to cut the defendant.

The only assignment of error, except those contained in the usual general grounds of the motion for a new trial, was, in substance, that the judge, in his charge to the jury, entirely ignored and failed to present the defendant's theory of defense in the case. It has been repeatedly held by the Supreme Court and this court that it is not error for the judge, in the absence of a timely written request so to charge, to fail to charge upon a theory in the case which is raised solely by the defendant's statement. An exception to this rule, however, is where the theory raised solely by the defendant's statement is the only defense in the case, and where the judge in his charge has entirely ignored such defense. Under the facts of the instant case we do not think it comes within the exception to the general rule. Among other things the judge charged the jury as follows: "The defendant has made a statement in your hearing. To that statement you can give just such weight and credit as you think it is entitled to receive. You may believe it in preference to the sworn testimony and acquit the defendant." He charged also upon the subjects of justifiable homicide, assault with intent to murder, and assault and battery, and instructed the jury as to the form of their verdict if they found that the accused was guilty either of assault with intent to murder, or of assault and battery, or in the event that they should acquit him. In view of the charge as a whole, we do not think the contention that the court in its charge entirely ignored the defendant's plea of justification is sustained. The evidence, including the defendant's statement, was very brief, and there was only one disputed issue of fact, viz., whether the defendant assaulted the prosecutor without any provocation whatever, or was justified in striking the prosecutor to prevent the infliction of a serious bodily injury upon himself by the prosecutor. The defendant in his statement having contended that the prosecutor was advancing on him with an open knife, and that he struck the prosecutor solely in self-defense, and the judge having instructed the jury that they had the right to believe the defendant's statement in preference to the sworn testimony in the case, and to acquit the defendant, the jury must necessarily have understood that if they found the de-

fendant's statement to be true, they should acquit him.    The court charged further to some extent the law of self-defense and justification; and if any fuller or more particular instructions upon this subject had been desired by the defendant, he should have presented to the judge a timely written request so to charge.

In *Waller* v. *State,* 102 *Ga.* 684 (28 S. E. 284), it was held that upon the trial of a person indicted for the offense of murder, the court, after reading to the jury the sections of the Penal Code relating to the various grades of homicide, including those bearing upon justifiable homicide, erred in not also reading to them section 76 of the Penal Code, which says: "The homicide appearing to be justifiable, the person indicted shall, upon the trial, be fully acquitted or discharged." In *Robinson* v. *State,* 118 *Ga.* 198 (44 S. E. 985), it was held, however, that where the judge instructed the jury as to the form of their verdict, and as to the effect of their finding that the killing was justifiable, he was not bound to read this section of the code; and this holding was distinctly recognized and approved in *Taylor* v. *State,* 121 *Ga.* 348 (49 S. E. 303). In that case Mr. Justice Evans, speaking for the court and distinguishing it from the *Waller* case, said: "In the case of *Waller* v. *State,* 102 *Ga.* 684, the court nowhere in its charge instructed the jury what should be their finding in the event they found defendant was justified in the act, and it was in that case held to have been error to omit to give section 76 in charge. But in the case at bar, the tenor of the entire charge was to contrast murder and justifiable homicide; that the jury must find the homicide to be murder before they could convict. The only inference to be drawn from the charge was that if the homicide was justifiable, the defendant should be acquitted. And the final instruction was as to the form of their verdict if they found the homicide to be murder; and if they found that the homicide was not murder, they should return a verdict of not guilty. In this connection it may also be said that there is no merit in the complaint that the court did not instruct the jury that if they found his statement to be true, and if they found under his statement that the homicide was in fact justifiable, it would be their duty to acquit the defendant. There was no request by the defendant so to charge. The court charged the law on the subject of murder and justifiable homicide, and the faith and credit to be

given the defendant's statement. The court is not expected or required to sum up various facts and circumstances favorable to the accused, whether those facts appear from many witnesses or from one witness, or from the statement of the defendant, and instruct the jury that if such facts are found to be true, then the homicide would be justifiable. 'It is not necessary for the court to apply the law given in charge to the jury to the facts of the case, when the application is plainly apparent.' · *Goode* v. *Rawlins*, 44 *Ga.* 593." Although the defendant in the *Taylor* case was tried for murder, and the defendant in the case at bar was tried for assault with intent to murder, the facts and the charge of the court in the former case were very similar to the facts and the charge in the instant case, and, in our opinion, the ruling in the *Taylor* case is controlling in this case. Under that ruling, we think that the court's charge upon the subject of justification and self-defense was sufficiently full, in the absence of a timely written request for further and more particular instructions upon the subject.

The evidence amply supported the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.*