CHICAGO VENEER COMPANY *v.* ALEXANDER *et al.* (Two Cases.)

ATKINSON, J. 1. If, in a suit for injunction and receiver against several defendants as a class, one person of the class is named as the defendant to be served and to represent the other members of the class, and at an interlocutory hearing such representative defendant consents to an order granting a temporary injunction and appointing a receiver, an individual defendant of such class, who has not otherwise appeared as a party to the case, has no valid ground of exception to the judgment, although he alleges that upon request his said representative refused to file the bill of exceptions.

2. In the light of the marginal notes to the bill of exceptions made by the judge at the time of signing the writ of error, the judgment was not erroneous for any reason assigned.

3. After certifying a bill of exceptions assigning error on a judgment granting a temporary injunction and appointing a receiver, the trial judge loses jurisdiction of the bill of exceptions (*Jones* v. *State*, 127 *Ga.* 281, 56 S. E. 453; *Cordray* v. *Savannah Union Station Co.*, 134 *Ga.* 865, 68 S. E. 697; *Robinson* v. *Woodward*, 134 *Ga.* 777 (3), 68 S. E. 553; *Williams* v. *Segers*, 147 *Ga.* 219 (3), 93 S. E. 215), but not jurisdiction to hear and determine a motion to dismiss the original petition on the ground that it fails to allege a cause of action. Whether the judge will exercise such jurisdiction while the writ of error is pending in the Supreme Court is within the discretion of the judge. *Armstrong* v. *Am. Nat. Bank*, 144 *Ga.* 245 (86 S. E. 1087), and cit.

4. After the grant of a temporary injunction and appointment of a receiver, as indicated in the first note, the individual defendant therein referred to filed a bill of exceptions, and on the same day filed a motion to dismiss the petition on several general grounds. When the motion came on for a hearing, the judge granted the following order: "The Chicago Veneer Company having made a motion to dismiss this case for the reason stated therein, and the plaintiffs having made an oral motion to dismiss said motion upon the ground that the said Chicago Veneer Company had already filed a bill of exceptions to the order appointing a permanent receiver in said case, which bill of exceptions is now pending in the Supreme Court, it is thereupon, after

---

Appeal and Error, 3 C. J. p. 621, n. 92; p. 1259, n. 59, 60; p. 1260, n. 62; 4 C. J. p. 663, n. 92.

argument, considered, ordered, and adjudged by the court that the said motion of the Chicago Veneer Company be denied, for the reason that the said case is pending in the Supreme Court and this court is without jurisdiction." *Held:*

(*a*) Under proper construction this judgment did not rule upon the merits of the grounds of the motion to dismiss the original petition, but was a refusal to proceed with the case while the writ of error was pending in the Supreme Court. A wrong reason for such refusal was stated by the judge, but that will not require a reversal, it having been in the discretion of the judge to refuse to proceed with the case at that time.

(*b*) The ruling made by the judge, when construed as above indicated, leaves open all questions upon the merits of the grounds to dismiss the original petition.

*Judgment affirmed in both cases. All the Justices concur, except*

HINES, J., dissenting from the ruling made by the court in paragraphs (*a*) and (*b*) of headnote 4. The judge denied the motion to dismiss the petition on the ground of lack of jurisdiction to pass upon the same. The majority hold that this ruling was erroneous. It follows that this judgment should be reversed, and not affirmed.

Nos. 5234, 5313. OCTOBER 14, 1926.

Receivership, etc. Before Judge Camp. Laurens superior court. November 30, 1925, January 25, 1926.

Two minority stockholders in the Dublin Veneer Company, a corporation, instituted an action against it and against numerous creditors who, on account of their number and diversity of residence, were classified as those holding security deeds, judgment creditors, and others; and a particular creditor of each class was nominated to represent all in their respective classes. The petition alleged, that the corporation was a manufacturing enterprise, having designated assets consisting of stock on hand, equipment, real estate, timber, and established trade connections of stated value, the whole amounting to approximately $350,000, against which were stated liabilities of approximately $77,000; that some of the liabilities were in judgment, and others in suit; that on account of the stringency of the times and embarrassments by the suits, the company had not sufficient money and could not meet its liabilities, and levy of executions was threatened; that if the court would enjoin execution sale of specific property, and, through the instrumentality of a receiver, continue to operate the business until the property could be sold under order of the court in due course of trade, or in bulk as a going concern, the debts could all be paid and leave something for the stockholders; but that without such aid the property would be sacrificed and great losses would be sustained. The prayers were

for injunction and receiver, and general relief. The petition was sanctioned on July 15, and a temporary receiver appointed with power to continue the business; and a rule nisi issued. Service was duly acknowledged by or made upon the company and the several persons nominated as representing the several classes of creditors. Certain creditors, none of whom were included in the class designated as holding "security deeds," filed demurrers and answers. An interlocutory hearing was had upon the pleadings; and on November 30, the judge granted a temporary injunction and appointed a permanent receiver with authority to take over all the property and to continue the business under orders from the court, and directed payment upon specified claims of certain money derived by the temporary receiver from operation of the business. The Chicago Veneer Company, being one of the creditors holding a "security deed" upon the plant of the company, tendered a bill of exceptions on December 18, assigning error on the above-mentioned judgment, on the grounds: (1) Because said order and judgment is contrary to law and to the principles of justice and equity. (2) Because said court was without jurisdiction to entertain said case, same being a suit by stockholders of a corporation on behalf of the corporation and against the corporation, and therefore being a suit without substantial adversary parties. (3) Because the petition was wholly without equity or any grounds for equitable relief. (4) Because no case for the appointment of a receiver was shown, and especially was no case shown for appointing a receiver for the property covered by deed to secure debt in favor of said Chicago Veneer Company. (5) Because the court should have denied any of the relief sought upon each and all of the grounds of the motion to dismiss and of the demurrer filed in said case. (6) Because said petition showed on its face that it was collusive and constituted a fraudulent effort to hinder, delay, and defraud creditors, and relief should have been denied for this reason. (7) Because upon an interlocutory hearing the court had no power to finally distribute money in payment of debts, and so doing was error. This bill of exceptions was certified by the judge on December 19.

The plaintiff in error had not been individually served with the original petition and process, nor was it before the court except by representation through the person designated to represent

the class to which it belonged. It alleged in the bill of exceptions that the person representing it had refused its request to file the bill of exceptions, and that it was "directly affected by said order," because the property upon which its security deed operates "has been seized by the court" in virtue of the order. At the time of certifying the bill of exceptions the judge appended two notes certifying that the order excepted to "was made by consent of all the parties before the court," and that the plaintiff in error "was only in court by the designation in the petition" and that its "counsel knew of the pendency of the suit, and did not appear and consent except by the" person representing its class. On December 19, the Chicago Veneer Company presented to the judge a written motion to dismiss the aforementioned case, upon the following grounds: (1) Because the petition filed by the plaintiffs does not authorize the relief prayed for, and sets out no cause for the appointment of a receiver by this court. (2) Because there is no cause of action or equity in the plaintiff's petition. (3) Because the petition shows that there is no right of action in the petitioners as stockholders of the Dublin Veneer Company, nor does it show any reason for their bringing the petition in their name rather than in the name of the corporation, and it further shows that there is no right of action in the corporation; consequently none exists in these petitioners. (4) Because the complainants do not show by their petition any right to prosecute this suit on behalf of stockholders, it not being alleged that the directors of the Dublin Veneer Company have ever been requested to assert its right, if any it had, in the courts against these defendants, or that they have ever refused or declined to take proper action. (5) Because the plaintiffs allege no act of malfeasance or misfeasance on the part of the corporation, nor do they complain of any acts of the corporation, its officers or directors, but their sole grievance is against judgment creditors, against whom they complain of no illegal act being done, nor of any loss to any one except what might come by a depletion of assets through the collection of undisputed debts in the exclusive manner provided by law.

The motion was sanctioned and set for hearing at a future date. At the hearing, which occurred on January 25, the following order was granted: "The Chicago Veneer Company having made a

motion to dismiss this case for the reasons stated therein, and the plaintiffs having made an oral motion to dismiss said motion upon the ground that the said Chicago Veneer Company had already filed a bill of exceptions to the order appointing a permanent receiver in said case, which bill of exceptions is now pending in the Supreme Court: It is thereupon, after argument, considered, ordered, and adjudged by the court that the said motion of the Chicago Veneer Company be denied, for the reason that the said case is pending in the Supreme Court and this court is without jurisdiction." The Chicago Veneer Company excepted separately to this order.

*Jones, Park & Johnston,* for plaintiff in error.

*Hardwick & Adams, Burch & Daley, Hightower & New, C. C. Crockett, William Brunson, M. H. Blackshear,* and *C. E. Baggett,* contra.