AKIN *v.* EDMONDS *et al.*

No. 9543.   October 12, 1933.

*N. L. Stapleton,* for plaintiff in error.   *W. I. Geer,* contra.

HILL, J.   Counsel for the defendants in error filed a motion to dismiss the writ of error, because the original bill of exceptions bears date of January 30, 1933, while service was not perfected on counsel for defendant in error until February 11, 1933.   Attached to the bill of exceptions is a supplemental certificate by the trial judge certifying that while the bill of exceptions was presented to him on January 30, 1933, he did not in fact sign the certificate until February 8, 1933; that he was away from home for several days following the date of the receipt of the bill of exceptions; that he inadvertently failed to change the date of his certificate; and that his delay in signing was due to no fault or negligence on the part of counsel for the plaintiff in error.   An affidavit by counsel to the same effect was filed in this court.   In the acknowledgment of service of the bill of exceptions counsel for defendants in error specifically reserved the right to move to dismiss the writ of error.

The Civil Code (1910), § 6160, requires: "Within ten days after the bill of exceptions is signed and certified, the party plaintiff

therein shall serve a copy thereof upon the opposite party or his attorney." In *Jones* v. *State,* 127 *Ga.* 281 (56 S. E. 453), this court held: "The certificate of the trial judge to the bill of exceptions can not be amended in this court by changing the date thereof to a different date. . . When the entries on the original bill of exceptions disclose that it was filed in the office of the clerk of the trial court more than fifteen days after it was certified by the judge, the writ of error will be dismissed." After the trial judge has signed the certificate, he loses jurisdiction of the case, and is without power to correct the same or give an additional certificate. *Woolf* v. *State,* 104 *Ga.* 536 (30 S. E. 976); *Chicago Veneer Co.* v. *Alexander,* 163 *Ga.* 27 (3) (135 S. E. 489); *Norris* v. *Baker County,* 135 *Ga.* 229 (69 S. E. 106).

*Writ of error dismissed. All the Justices concur.*