## BENTON v. MUNDAY.

GILBERT, Justice. This was an action to recover land described as "fourteen acres of land carved out of the north corner of lot of land No. one hundred and seventy-seven (177) in the sixth district of Wheeler County, Georgia, being in the shape of a triangle." The court sustained a demurrer to the petition, based on the ground that the description of the land was insufficient, and therefore that no cause of action was set out. The sole question is whether there was a sufficient description of the land. *Held:*

1. This court will take judicial cognizance of the fact that the land-lot lines of lot 177 in the sixth district of Wheeler County, Georgia, do not run north and south and east and west, but that they run at angles of 45 degrees to those directions, that said land lot is square, and therefore that the lot under consideration has one, and only one, north corner. *Darley* v. *Starr*, 150 *Ga.* 88, 90 (102 S. E. 819).

2. Under the rulings in *Payton* v. *McPhaul*, 128 *Ga.* 510 (58 S. E. 50, 11 Ann. Cas. 163), *Osteen* v. *Wynn*, 131 *Ga.* 209 (62 S. E. 37, 127 Am. St. R. 212), and *Darley* v. *Starr*, supra, it is held that the word "triangle," as used in the description under consideration and in connection with the other language contained in the description, means an isosceles triangle two sides of which are equal portions of the intersecting land-lot lines forming the corner of the square land lot at the north corner of lot of land No. 177 in the sixth district of Wheeler County, Georgia. With this construction of the word "triangle," the entire description fixes absolutely the boundaries of the tract in controversy. See also *Morris* v. *Hasty*, 169 *Ga.* 781 (151 S. E. 490), and cit. The description was sufficient, and the court erred in sustaining the demurrer.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent because of illness.*

No. 11494. OCTOBER 15, 1936.

*G. L. Hallaway,* for plaintiff. *Lamar Murdaugh,* for defendant.