### 34822. SMITH *v.* THE STATE.

DECIDED SEPTEMBER 19, 1953.

*Gilbert E. Johnson, Oscar C. Burnett, Jr.,* for plaintiff in error.
*Andrew J. Ryan, Jr., Solicitor-General,* contra.

TOWNSEND, J. ■ Special grounds 4, 5, and 6 of the amended motion for new trial complain of the following excerpt from the charge of the court: "Intent to murder is shown by the evidence, by what kind of instrument was used, and how it was used, whether it was used to shoot at a man." As stated in *Manders v. State,* 69 *Ga. App.* 875 (4) (27 S. E. 2d 105): "In a trial for assault with intent to murder, the question of intent is for the jury. To authorize a conviction for an assault with intent to murder, a deliberate intent to kill must be shown at the time of the assault. Such intent may be inferred by the jury from the nature of the instrument used in making the assault, the manner of its use, the nature of the wound inflicted, and the duration of the resulting injuries. *Reece v. State,* 60· *Ga. App.* 195 (3 S. E. 2d 229)." Intent to kill is a matter for the determination of the jury. *Jackson v. State,* 56 *Ga. App.* 374 (1) (192 S. E. 633); *Griffin v. State,* 50 *Ga. App.* 213 (1) (177 S. E. 511). There was testimony as to the weapon used (a shotgun), the method of its procurement and use, and the distance between the victim and his assailant at the time of firing, from which circumstances the jury would have been enabled to reach a conclusion as to the defendant's intent even in the absence of testimony as to the size or duration of the wounds actually inflicted. Accordingly, the defendant's contentions that the charge as given was a conclusion of fact and as a matter of law removed from the jury the question of the defendant's intent, to his prejudice, is without merit.

■ The remaining special grounds will be considered together. The first assignment of error is that the court erred in not charging the principles of law relating to self-defense as justification for the shooting by one in reasonable fear for his own safety. This defense was raised solely by the defendant's statement as follows: "I . . . got the gun and started out, so I told the oyster house man if he would unload my boat I'd pay him when I come back; and this man said, 'Why didn't you unload that boat last night and gone down the river'; so I told him I was going on the river 25 years, and he got a boat himself; and he started towards me with his hand in his pocket, and I didn't know what he had; I told him, 'Don't come up on me,' and he kept coming and I shot."

The other special grounds relate to a recharge by the court, after the jury had been out for some time and had returned with a request to charge on how malice could be proved. The court then charged in part: "Malice may be implied where no considerable provocation appears, but where all of the circumstances show an abandoned and malignant heart, and the law says that, *when a man shoots another with a deadly weapon, that is sufficient evidence of malice;* the use of a deadly weapon, when used in a certain given case, is such a weapon that, when used in the manner it was used, is a weapon likely to produce death, but the law goes further and says that *when you shoot at a man with a pistol, within the range of the pistol, then there is malice; that's all the malice that is necessary. 'Malice aforethought' is just an expression; you can have malice, do the killing, and regret it immediately afterwards, and still it is malice."* (Emphasis added.) Within a few minutes after this recharge the jury returned with a verdict of guilty, which action raises the inference that the previous deliberations had been between verdicts of either shooting at another or "not guilty" on the one hand, and the verdict as returned on the other. It should be noted that the court properly charged on the weight to be given the defendant's statement (Code § 38-415) and the doctrine of reasonable doubt, but did not charge at all on self-defense, justification, or reasonable fears as relating to these defenses.

As we view the case, it was the combination of the recharge on malice in connection with the complete failure to charge on

self-defense which, together, deprived this defendant of a fair trial. The italicized portion of the above charge is not entirely accurate. "Malice aforethought" is not "just an expression"— it represents the difference between a killing which may deprive the defendant of his life, and a killing which, however reprehensible, subjects him to penalties far less severe. It may be present and yet the killer be justified, and therefore subject to no penalty at all. *Shafer* v. *State*, 193 *Ga.* 748, 757 (20 S. E. 2d 34). And while a *presumption of malice* arises from proof of death resulting from a weapon likely to produce death in the manner in which used, such presumption is subject to explanation and refutation. Malice is not merely the intention to kill; it is the *unlawful* intention to shoot and kill another. *Kelloy* v. *State*, 151 *Ga.* 551 (2) (107 S. E. 488); *Bailey* v. *State*, 70 *Ga.* 617 (2a). No intimation was expresesed to the jury by this charge that one might lawfully kill another under any circumstances whatever. Thus, the charge on malice as given by the court in effect instructed the jury that, whenever one shoots at another within the range of the gun, malice exists, thus depriving the defendant (1) of the benefit of a previous charge on shooting at another, of which malice is not an essential element, and (2) of all elements of self-defense as justification for the act. It is readily conceded that the defendant's statement did not elaborate this defense; yet it was presented, and it was the sole defense upon which he relied. It has been held that, even without request, and even when it is raised only by his statement, the court should charge the law relative to the *sole* defense upon which the prisoner relies. *Thornton* v. *State*, 18 *Ga. App.* 744 (90 S. E. 489); *Trammell* v. *Shirley*, 38 *Ga. App.* 710, 726 (145 S. E. 486). This is undoubtedly the better practice, although failure to do so has often been accounted not reversible error. In the present case, the failure to charge the law relative to justification or to instruct the jury that they might acquit the defendant if they found that he was acting under the fears of a reasonable man in defense of his person, combined with the instruction that malice exists as a matter of law when one shoots at another within the range of the gun, was tantamount, under the evidence in this case, to directing the jury to return a verdict of guilty of assault with intent to murder, and was demon-

strably harmful, in that the jury did, immediately thereafter, return such a verdict, in contrast to the previous protracted deliberations.

The trial court erred in denying the motion for new trial as amended.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*