### 35678. BAKER v. THE STATE.

CARLISLE, J. A verdict of guilty was returned against the defendant upon his trial under an indictment charging him with the commission of involuntary manslaughter, in that "he did unlawfully use and operate a certain automobile, same being a motor vehicle, upon that certain public street and public highway of said State and county known as the Estelle Road, the said accused being then and there under the influence of intoxicating liquors, wines, beers and opiates, and did operate the said automobile at a rate of speed in excess of fifty-five miles per hour; and, while engaged in said unlawful acts, the said accused without any intention to do so killed one Henry Eugene Tucker, a human being, the said accused did drive the said automobile which the said accused was then and there operating and was then and there traveling in a westerly direction." The trial court denied a motion for new trial in the case, based on the single ground that the allegata and probata were not in accord by the failure of the State to establish by competent evidence that the road on which the death occurred was a public street or public highway, and that is the sole question for determination presented by the bill of exceptions in this court.

1. The defendant is charged with the commission of involuntary manslaughter in the commission of unlawful acts, to wit, operating a motor vehicle on a public street or public highway known as the Estelle Road while under the influence of intoxicants and in excess of fifty-five miles per hour. These alleged unlawful acts are generally, though not absolutely, confined to the highways of this State (Code, Ann. Supp., § 68-1601; Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 564). If the criminality of an act depends upon the place where it is committed, the allegation of place is material; and variance between the allegata and probata is fatal. *Johnson* v. *State*, 1 *Ga. App.* 195 (2) (58 S. E. 265). The indict-

ment in the present case has charged that the unlawful acts which caused the defendant to commit involuntary manslaughter occurred at a particular place, on a public highway known as the Estelle Road;' therefore, in order to establish the offense charged, the place where it was committed has been made material, and must be proved with the same particularity as is charged in the indictment. *Isenhower* v. *State*, 88 *Ga. App.* 762 (1) (77 S. E. 2d 834). The proof establishes that the unlawful acts which resulted in the involuntary manslaughter occurred on a "paved highway" crossing a mountain in Walker County in this State known as the "Estelle Road." There is no proof in the brief of evidence, however, that the highway referred to is a "public highway." "A highway may have its origin in a legislative act, or in the order of a court of competent jurisdiction, or may come into existence by dedication or by prescription." *Southern Ry. Co.* v. *Combs*, 124 *Ga.* 1004 (2) (53 S. E. 508). To prove that a "highway" is a "public highway," there must be proof that such highway was established in one of the ways enumerated in the *Combs* case, supra. *Davis* v. *State*, 9 *Ga. App.* 430 (71 S. E. 603). In this the State failed in its proof. The proof does not meet the allegation, and this variance is fatal. The verdict was not supported by the evidence, and consequently the trial court erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

Decided May 18, 1955.

*Bobby Lee Cook*, for plaintiff in error.
*Earl B. Self, Solicitor-General*, contra.