19276. JORDAN *v.* THE STATE.

338

SUBMITTED MARCH 12, 1956—DECIDED APRIL 9, 1956.

A. C. Felton, III, for plaintiff in error.

Wm. T. Roberts, contra.

HEAD, Justice. ■ It is contended by the defendant that there is a fatal variance in the allegata and probata, in that the accusation charged the defendant with operating a motor vehicle under the influence of intoxicants on a public highway, known as State Route 49, and there was no proof that the highway on which the alleged offense was committed was a public highway.

"Allegations in an indictment wholly foreign to any element in the offense charged may be disregarded as surplusage and need not be proved. The rule is otherwise as to averments which are descriptive of some element in the offense though more precise. and detailed than is absolutely necessary." *Shrouder* v. *State*, 121 *Ga.* 615 (1) (49 S. E. 702); *Hall* v. *State*, 120 *Ga.* 142 (47 S. E. 519); *Brand* v. *State*, 153 *Ga.* 639 (112 S. E. 829); *Robinson* v. *State*, 76 *Ga. App.* 313 (45 S. E. 2d 717); *Waller* v. *State*, 80 *Ga. App.* 488 (56 S. E. 2d 491). "If the criminality of an act depends upon the place where it is committed, the allegation of place is material; and variance between the allegation and proof is fatal." *Johnson* v. *State*, 1 *Ga. App.* 195 (2) (58 S. E. 265); *Isenhower* v. *State*, 88 *Ga. App.* 762 (77 S. E. 2d 834); *Baker* v. *State*, 92 *Ga. App.* 60 (87 S. E. 2d 644).

Under the present law, the offense of driving a vehicle under the influence of intoxicants may be committed "upon highways and elsewhere throughout the State." Ga. L. 1953, Nov.-Dec. Sess., p. 564 (Code, Ann. Supp., § 68-1601). The definition of "highway" given in the law shows that it means a "way publicly maintained." Ga. L. 1953, Nov.-Dec. Sess., p. 561 (Code, Ann. Supp., § 68-1504 (a)). Therefore this offense may now be committed upon a public highway or at other places. Since, however, a public highway is one of the places where the offense may be committed, if the indictment or accusation alleges that the

offense was committed on a stated "public highway," the proof should show that it was a *public* highway, and in the absence of such proof the evidence would be insufficient to support the verdict.

All laws and resolutions of the General Assembly, and certain matters of public knowledge, shall be judicially recognized without the introduction of proof. Code § 38-112. Under this provision of our law, it has been many times held that courts will take judicial cognizance of land lots and the location of lands under the State survey, as shown by the records on file in the office of the Secretary of State. *Morris* v. *Hasty,* 169 *Ga.* 781 (151 S. E. 490); *Benton* v. *Munday,* 183 *Ga.* 228 (187 S. E. 874); *Guess* v. *Morgan,* 196 *Ga.* 265 (26 S. E. 2d 424).

With reference to the State Highway Board, our law provides that maps setting forth the roads authorized by law shall be approved and filed by the State Highway Board in the office of the Secretary of State as the authoritative record of State-aid roads. Code § 95-1608. Pursuant to the above requirement, maps showing Georgia Highway 49 as a State highway have been filed in the office of the Secretary of State. That which is done pursuant to mandate from the General Assembly, and declared by the General Assembly to be the authoritative record, would seem to be as much a matter of judicial knowledge as maps pertaining to the location of land lots within the State.

It appears from the evidence in the present case that the defendant was operating a motor vehicle under the influence of intoxicants on Georgia Highway 49 in Macon County. While there is no evidence in the record that Georgia Highway 49 is a public highway, it is a matter of common public knowledge that "Georgia Highway 49 in Macon County" is a public highway, and the failure to prove by direct testimony that Georgia Highway 49 is a public highway will not invalidate the verdict in the present case. *Culver* v. *State,* 40 *Ga. App.* 273 (149 S. E. 292); *Bowen* v. *State,* 47 *Ga. App.* 9, 11 (170 S. E. 104).

The defendant cites and strongly relies upon the recent case of *Baker* v. *State,* supra. The *Baker* case is not in point on its facts with the present case.

■ It is asserted that the trial judge erred in charging the jury that the provision of the law "with reference to driving

while under the influence of intoxicating liquors applies not only on highways but elsewhere throughout the State of Georgia." It is contended that this charge was given to supply the failure of the evidence to prove that the alleged crime was committed at the place set out in the accusation; that it authorized the jury to convict the defendant on evidence of the commission of a crime anywhere in the State of Georgia; and that Code (Ann. Supp.) § 68-1601 (2) is unconstitutional.

There was no evidence in this case that the offense charged was committed at any other place than that alleged in the accusation. The charge excepted to was not, therefore, harmful to the defendant, and it is unnecessary to consider and rule upon the constitutionality of Code (Ann. Supp.) § 68-1601 (2).

*Judgment affirmed. All the Justices concur.*