## 38999.   BOND v. THE STATE.

DECIDED OCTOBER 13, 1961.

628

*William O. Carter*, for plaintiff in error.

*Clete D. Johnson, Solicitor-General, A. S. Skelton,* contra.

FRANKUM, Judge. ■ The defendant demurred to the indictment on the ground that it does not allege that the road was of sufficient width for the defendant to have driven his automobile upon the right half of the roadway. See *Code Ann.*

§ 68-1633. "It is a well-settled rule in this State, that the language of an indictment is to be interpreted liberally in favor of the State." *Green v. State,* 109 Ga. 536, 540, supra. *Studstill v. State,* 7 Ga. 2; *DeVere v. State,* 45 Ga. App. 330 (164 SE 485). An averment in the indictment is that the defendant did "drive and operate said automobile to the left of the center of said road." The center of the road is the exact middle thereof, with as much room to the right of center as to the left of center. The clear import of the above quoted averment is that the defendant, at the time and place in question, drove the automobile on the left side of the road whereby it was completely to the left of the center of the road. It necessarily follows that the effect of the averment is that said road was of sufficient width for the defendant to have driven his vehicle on the right side of the center of the road.

■ "Since, . . . a public highway is one of the places where the offense may be committed, if the indictment or accusation alleges that the offense was committed on a stated 'public highway,' the proof should show that it was a *public* highway, and in the absence of such proof the evidence would be insufficient to support the verdict." *Jordan v. State,* 212 Ga. 337, supra.

The accused was charged with the offense of involuntary manslaughter while in the commission of unlawful acts, in that he operated his automobile upon a certain public road known as Salem Church Road at a speed in excess of sixty (60) miles per hour and to the left of the center of the road. Applying the above rule to the instant case, it was necessary for the State to prove that Salem Church Road was, in fact, a public road in order to prove that part of the indictment alleging unlawful acts. *Williams v. State,* 96 Ga. App. 833 (101 SE2d 747). The approved brief of evidence in this case does not show that said road was a public road. As to the methods by which a road may be proved to be a public road see *Johnson v. State,* 1 Ga. App. 195 (58 SE 265); *Culver v. State,* 40 Ga. App. 273 (149 SE 292); *Moye v. State,* 46 Ga. App. 727 (169 SE 59); *Bowen v. State,* 7 Ga. App. 9 (170 SE 104); *Ku Klux Klan v. Fidelity & Deposit Co.,* 47 Ga. App. 12 (169 SE 514). The State contends that this court must take judicial notice of the highways shown

on the maps approved by the State Highway Board and filed in the office of the Secretary of State as an authorative record that the State-aid roads are, in fact, public highways. We agree with this contention. *Williams v. State,* 96 Ga. App. 833, supra. However, the public road named in the indictment is identified in the evidence only as the "Salem Church Road" which leads from U. S. Highway No. 29 to another road. The maps filed by the State Highway Department in the office of the Secretary of State showing the State-aid roads in Franklin County do not show a road designated as "Salem Church Road." The fact that the road in question is a "paved road" in Franklin County is not sufficient to prove that such road is a public road. *Baker v. State,* 92 Ga. App. 60 (87 SE2d 644). Under the authority of *Williams v. State,* 96 Ga. App. 833, supra, and *Baker v. State,* 92 Ga. App. 60, supra, the verdict in the instant case is not supported by the evidence, and consequently, the trial court erred in overruling the general grounds of the motion for a new trial.

The State contends that the attorney, who represented the defendant during the trial of this case, entered into a stipulation with the solicitor-general that the road named in the indictment was, and is, a public road. Thereafter, the defendant's attorney was appointed solicitor-general emeritus and, thereupon, withdrew from the case and has since died. Defendant's present counsel prosecuted the appeal after the trial court approved the brief of evidence. Counsel for the State filed with this court a motion suggesting a diminution of the record to show such stipulation. Attached to the motion is a certificate of the trial judge certifying that a stipulation was entered into by the parties at the trial of the case that the road named in the indictment was a public road. However, the motion itself avers: "The stipulation herein quoted was not incorporated in the brief of evidence transmitted to the Court of Appeals because the State relied upon counsel for the defendant to faithfully abide by the said stipulation and not in any manner contradict the provisions thereof." Therefore, the certificate of the trial court amounts to no more than a second certificate attempting to alter the approved brief of evidence, which is not permissible.

*Jones v. State,* 64 Ga. 697; *Stepp v. Stepp,* 195 Ga. 595 (25 SE2d 6). See also *Kirkland & Son v. Highsmith,* 17 Ga. App. 481 (87 SE 762); *Akin v. Edmonds,* 177 Ga. 760 (171 SE 272); *Fuller v. Fuller,* 197 Ga. 719 (30 SE2d 600). See also Georgia Procedure & Practice, § 23-16.

As the general grounds of the motion for a new trial are insisted upon, the approved brief of the evidence must show facts sufficient to support the verdict of guilty. Otherwise, a new trial must be granted.

"The essential elements of the offense of involuntary manslaughter in the commission of an unlawful act are, first, the intentional commission of an unlawful act, and, second, the killing of a human being without having so intended, but as the proximate result of such intended act." *Wells v. State,* 44 Ga. App. 760 (1) (162 SE 835). See *Overman v. State,* 187 Ga. 396 (1 SE2d 20).

In the instant case the defendant was charged with the commission of two unlawful acts (violation of State traffic regulations), which could only be perpetrated on a public road. Consequently, in the absence of proof that the road on which the unlawful acts were alleged to have been committed was a public road, the jury was not authorized to convict the defendant. An analogous situation is that proof of venue must be shown in every criminal prosecution. And, on appeal, this proof must be reflected in the brief of evidence in order to sustain the verdict of the jury. *Parks v. State,* 212 Ga. 433 (93 SE2d 663).

The brief of evidence in the instant case does not show that the defendant was driving and operating his automobile on a public road, as alleged in the indictment.

■ Over objection of defendant, a State's witness testified that he overheard a conversation between the defendant and two other boys. The substance of the conversation was that "they [the boys] had made a curve at 80 miles per hour and they were going back and try it again. From what they said they were going to try to make it again at a 100 miles an hour." The witness testified that this conversation took place at a filling station located about eight miles from the scene of the collision in question, and that the time of the conversation was between

12 and 1 o'clock, an hour or so before the collision, which resulted in the death of the deceased named in the indictment.

The witness testified that he did not know which curve the boys were talking about. Other evidence shows that the two boys were present with the defendant at the time of the collision; that the collision occurred on a curve; that the defendant was driving his car at a high rate of speed; and that the collision occurred within a relatively short time after such conversation. We find that the testimony was admissible as a circumstance in the case. When this testimony is coupled with the other evidence in the case, the jury was authorized to find that the defendant, accompanied by his companions, was carrying out a preconceived plan. Taking the evidence as a whole, the jury was authorized to believe that the curve where the collision took place was the one referred to in the conversation related by the witness.

"If the admissibility of evidence is doubtful, the evidence should be admitted and its weight and effect should be left for the jury's determination." *Manners v. State,* 77 Ga. App. 843, supra. See also *Augusta Factory v. Barnes,* 72 Ga. 217 (53 AR 838); *Lovejoy v. Tidwell,* 212 Ga. 750 (95 SE2d 784).

"The question of admissibility of circumstantial evidence is largely in the discretion of the trial court; and where facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of such facts in connection with other facts in evidence, it is not error to permit the jury to hear them." *Garner v. State,* 83 Ga. App. 178 (3) (63 SE2d 225).

"The question as to the admissibility of evidence is not to be determined by its weight. If it has any probative value, however small, and is otherwise competent, it should be admitted." *Fuller v. State,* 196 Ga. 237 (2) (26 SE2d 281).

"Every fact or circumstance serving to elucidate or throw light upon the issue being tried, constitutes proper evidence in the case." *Sample v. Lipscomb,* 18 Ga. 687 (1).

The testimony touched upon the issues. Though its admission was doubtful, it was admissible for whatever probative value, if any, the jury saw fit to place upon it. The trial court did

not err in admitting the testimony, and, therefore, special ground 4 of the amended motion for a new trial, which assigns this ruling as error, is without merit.

■ Special grounds 5 and 6 of the amended motion for a new trial complain of the admission in evidence of the testimony of two witnesses that on occasions prior to the date the collision in question occurred the defendant had traveled this portion of Salem Church Road at high rates of speed. We are of the opinion that the evidence fails to show any logical connection between the acts for which the defendant was on trial and the prior acts related in the testimony of these two witnesses. Nor do the prior acts tend to prove the guilt of the accused in the present action.

"On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other." *Bacon v. State*, 209 Ga. 261, supra.

Judge Townsend's dissent in *Hodges v. State*, 85 Ga. App. 617, 622 (70 SE2d 48), which was approved in the *Bacon* case, supra, exhaustively points out the general rule and the exceptions to such rule. Under these rulings the evidence was inadmissible.

■ In special grounds 7, 8 and 9 of the amended motion for a new trial movant contends that the trial judge failed to charge on certain principles of law which the defendant contends was his sole defense. We agree with the proposition that the trial court must charge those principles of law applicable to the sole defense of the defendant when such issue is raised by the evidence. *Trammell v. Shirley*, 38 Ga. App. 710, 726 (145 SE 486); *Smith v. State*, 88 Ga. App. 778 (77 SE2d 831); *Thornton v. State*, 18 Ga. App. 744 (90 SE 489). However, as the case must be retried, the evidence at the next trial may differ vastly from the evidence as shown by the brief of evidence now before us, and, for that reason, we will not pass upon

the merits of these assignments of error. A charge which this court might determine should or should not have been given based upon the facts now before us might be clearly erroneous and inapplicable to the issues made at the next trial of the accused.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*