## A05A2300. CRAIG v. THE STATE.
(623 SE2d 518)

MIKELL, Judge.

Oliver Craig, Jr., appeals his convictions of leaving the scene of an accident (Count 1), following too closely (Count 2), and driving without a license (Count 3). He challenges the sufficiency of the evidence as to the identity of the driver, and contends that the trial court erred in instructing the jury on the entirety of OCGA § 40-6-270 (a), and in denying his motion for a directed verdict on Count 3. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that on August 27, 2003, at approximately 5:30 p.m., Glenda Handy was turning right onto College Station Road from the "loop" in Athens-Clarke County when she was hit from behind by a blue-green Ford pickup truck driven by Craig. When Craig started to drive away, Handy called 911 and followed him until he stopped in a nearby parking lot. Craig exited his vehicle and offered to pay Handy for her injuries if she did not call police. Handy testified that Craig did not give his name, address, or vehicle registration number. When Handy picked up her cell phone to call police, Craig jumped back in his vehicle and sped off. Handy called police and then went home where she was met by Officer Tim Scott of the Athens-Clarke County Police Department. Handy told Scott that the driver was an older white male and that the vehicle was a blue pickup truck with a tag number of FB204 or FB207.

Two weeks later, Handy was driving on Whitehead Road when she saw the truck that hit her and recognized the driver. She followed and got a complete tag number: FB20F. Sometime in October, Handy again saw the truck and driver driving on Barnett Shoals Road. She called police and followed the truck to a pawn shop where police met and questioned the driver. At trial, Handy identified Craig as the driver of the truck that fled the scene, and the driver of the truck she followed on Whitehead Road and Barnett Shoals Road.

At the close of its case, the state introduced, pursuant to stipulation, a copy of Craig's driving history showing that his license had been cancelled, and a vehicle registration report showing that Craig is the owner of a green 1995 Ford Ranger, with the tag number FB20F.

At trial, Craig denied hitting Handy's car and claimed he was in Oconee County on a sales call at the time of the accident. Craig testified that he owned a green Ford pickup truck with the tag number FB20F.

1. Craig first challenges the sufficiency of the evidence identifying him as the driver of the truck. This argument is without merit.

Handy positively identified Craig. "The testimony of a single witness is generally sufficient to establish a fact."[1] Handy's in-court identification of Craig as the driver of the vehicle is sufficient under the standard of *Jackson v. Virginia*[2] to authorize the jury's verdict that Craig is guilty, beyond a reasonable doubt, of leaving the scene of an accident and following too closely as alleged in the accusation.[3]

To the extent Handy's description of the driver at trial was inconsistent with the description she gave Scott, or tainted by the subsequent sightings of Craig, such inconsistencies, as well as Handy's credibility, were for the jury to decide.[4]

2. Craig claims that the trial court improperly charged the jury on the entirety of OCGA § 40-6-270 (a), when the accusation only charged him with violating subsection (a) (1). He argues that because there was evidence that Handy was injured and that Craig did not exhibit his license, the jury may have convicted Craig of violating subsections (a) (2) and (3). This argument is meritless.

In this case, Count 1 of the accusation charged Craig with

> the offense of LEAVING THE SCENE OF AN ACCIDENT for that the said . . . CRAIG . . . did while in the operation of a motor vehicle on and upon College Station Road have an accident with a vehicle being operated by another person, said accident resulting in damage to the vehicle being operated by the said other person, and accused knowingly failed to stop immediately and give to the operator of the vehicle with which accused had said accident, the accused's name and address, the name and address of the owner of the vehicle operated by the accused, and the registration number of the motor vehicle being operated by accused, in violation of OCGA § 40-6-270.

Evidence that Craig fled the scene of the accident and failed to give his name, address, and vehicle registration number was sufficient to sustain a conviction for violating OCGA § 40-6-270 (a), without even implicating subsections (2) and (3). Though the trial court's instruction on subsections (2) and (3) may have been erroneous, when viewed in its entirety, we find no reversible error. "[I]t is generally held that a new trial will not be granted if the court gave in

---

[1] OCGA § 24-4-8.

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Banks v. State*, 269 Ga. App. 653, 654 (1) (605 SE2d 47) (2004); *Graham v. State*, 236 Ga. App. 673, 675 (1) (512 SE2d 921) (1999).

[4] See *Jenkins v. State*, 230 Ga. App. 166, 169-170 (2) (495 SE2d 647) (1998).

charge an entire statute or Code provision where a part thereof is applicable even though a part may be inapplicable under the facts in evidence."[5]

In any event, contrary to Craig's assertion, the evidence was insufficient to support violations of subsections (a) (2) and (3). Even though Handy testified that she suffered back and neck injuries, there was no evidence that at the time of the accident she required medical treatment and/or requested that Craig transport her to a physician or hospital. Additionally, there was no evidence that Handy requested Craig's license.

Finally, Craig's argument is without merit for the simple reason that the subsections of OCGA § 40-6-270 (a) do not establish alternative methods of committing the offense of hit and run or leaving the scene of an accident.

3. Craig argues that the trial court erred in denying his motion for a directed verdict on Count 3 because the state failed to prove that he was operating his vehicle on a public highway.

"In reviewing the denial of a motion for directed verdict, we view the evidence in a light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence."[6] OCGA § 40-5-20 (a) provides that, "[n]o person, except those expressly exempted in this chapter, shall drive any motor vehicle upon a highway in this state unless such person has a valid driver's license." The accusation charged Craig with, "the offense of DRIVING WHILE UNLICENSED, for that the said . . . CRAIG . . . within the limits of Athens-Clarke County, did drive a motor vehicle without having [a] valid driver's license in violation of OCGA § 40-5-20."

Pretermitting the fact that the statute does not specify that the highway be a public highway, the evidence in this case shows that Craig was operating a motor vehicle on "the bypass" or "the loop" in Athens-Clarke County without a valid license, when he rear-ended Handy's car on the exit ramp to College Station Road. While there is no direct testimony that "the loop" is a highway, "it is a matter of common public knowledge that ['the loop' or 'bypass' in Athens-Clarke County] is a public highway, and the failure to prove [this fact] by direct testimony . . . will not invalidate the verdict."[7] The trial court

---

[5] (Footnote omitted.) *Buckalew v. State*, 249 Ga. App. 134, 138 (4) (547 SE2d 355) (2001). See also *Slinkard v. State*, 259 Ga. App. 755, 760 (3) (577 SE2d 825) (2003), citing *Smith v. State*, 267 Ga. 372, 375 (4) (477 SE2d 827) (1996).

[6] (Footnote omitted.) *Hendrix v. State*, 273 Ga. App. 792, 795 (2) (616 SE2d 127) (2005).

[7] (Citations and punctuation omitted.) *Jordan v. State*, 212 Ga. 337, 340 (1) (92 SE2d 528) (1956). But see *Baker v. State*, 92 Ga. App. 60, 61 (1) (87 SE2d 644) (1955) (state failed to prove Estelle Road was a public highway).

did not err in finding that there was sufficient evidence for the jury to find that Craig violated OCGA § 40-5-20 (a).

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 21, 2005 —
RECONSIDERATION DENIED NOVEMBER 14, 2005.

*Benjamin A. Pearlman*, for appellant.
*Ralph W. Powell, Jr., Solicitor-General, Kevin D. Gonzalez, Assistant Solicitor-General*, for appellee.