## 25805.  WILLIAMS v. GOODING.

ALMAND, Chief Justice.  This appeal is from an order denying petitioner, Walter A. Williams, his petition for the writ of habeas corpus and remanding him to the custody of Millard F. Gooding, Warden of Georgia State Prison.

The amended petition alleged the following: Williams, under an indictment in Warren County Superior Court on the charge of burglary was, on his trial in October, 1968, found guilty and sentenced to a term of 20 years.  That after his arrest, he engaged Louise Hornsby, an attorney, to represent him.  That when the time came for his arraignment, he hired Claude Blandus to obtain a continuance.  His case was set for trial on October 9.  On that day, Attorney Hornsby, by telegram to the trial judge, requested a continuance because of her illness.  He alleged: "Petitioner shows that he was forced to trial without the benefit of counsel of his choice, that he had retained counsel and that he was not at that time indigent.  Further, that petitioner had to represent himself before a jury and that he knew nothing of legal proceedings.  The court being thus informed of the illness of defendant's counsel, in order to comply with Article 1, Section 1, Paragraph 5, of the Constitution of Georgia, entitling defendant to the benefit of counsel, and to comply with the due process and equal protection clause of the Fourteenth Amendment to the Constitution of the United States, should have then and there continued said case of its own motion and counsel's motion, and the court's failure to do so affected the entire proceedings as to rob said proceedings of any semblance of a judicial [sic] tribunal, and denied defendant his right to benefit of counsel as provided by law."

He alleged that his conviction was illegal and void and asked the court to grant a supersedeas bond.  After a hearing, the Judge of Richmond County Superior Court denied his motion for a supersedeas bond and the writ of habeas corpus.  The appeal is from this order.

Error is enumerated on the part of the order denying appellant's petition for the writ of habeas corpus.

This order is affirmed for the following reasons: The record of what occurred in October, 1968, at the time Williams was placed upon trial, was before the court. The court announced that he had received a telegram from Attorney Hornsby stating that she would be unable to be present in court "because of emergency illness"; that Attorney Blandus appeared in court as representing Williams at the time of arraignment; that at the call of the case for trial, Blandus stated he was engaged first by the defendant, and after his discharge, was re-employed by the defendant's mother. The judge stated to the defendant that he would give the defendant time to employ counsel or would appoint a competent counsel for him. The following took place: "The Court: Do I understand you very clearly now . . . that you don't want the court to appoint you an attorney? Walter Anthony Williams: That's right. The Court: All right, let me ask you this . . . have you by your attorney, Mr. Blandus, and this attorney Louise T. Hornsby, have you been advised generally of the nature of the charges which are made against you here? Have you been advised of all your rights? in the matter? Walter Anthony Williams: They told me . . . Mr. Blandus told me I wouldn't be tried unless I had an attorney and I had talked with Louise about representing me. Mr. Blandus . . . I don't want him to represent me. The Court: You say you do not want him to represent you? Walter Anthony Williams: No sir, I do not. The Court: But I do know generally they have advised you of all of your rights in the matter, haven't they? About a trial and that sort of thing? Of the offenses charged against you? They have advised you generally about those have they not? Walter Anthony Williams: No sir, they haven't told me everything. . . . The Court: Have they advised you about your constitutional rights? Mr. Blandus . . . you being in open court here, I call upon you sir, if you please, and I do not mean to invade the privacy of you as counsel during the time you did represent the defendant. . . I ask you sir if you have advised the defendant of the nature of the offenses charged against him? As to all of rights, both state and federal, constitutionally and otherwise in these matters, stating for the record sir? Mr. Blandus: Yes sir I have. I

talked to him about. . . The Court: Did you do that prior . . . sir? Mr. Blandus: I told him about his constitutional rights. The Court: And the general nature or denature [sic] intruded by the offenses charged against him? Mr. Blandus: Yes sir. We discussed the charges because I wrote them down . . . the charges that he was charged with. The Court: Yes sir. Was that one of the duties for which you were employed as counsel to the extent that you did represent him? . . . The Court: He says that he is able to employ counsel, as I understand . . . are you able? Walter Anthony Williams: Yes I am. The Court: He says he is able . . . well, let the record show that he is able to employ counsel but yet he does not counsel [sic] and that you refuse to employ any other counsel. Is that right? Walter Anthony Williams: I don't want anybody I don't know anything about, to represent me. I want somebody I can be able to face and be able to tell them whatever they have got to do for me, because I don't want anybody to represent me. . . The Court: Why of course, and if there be anyone within this court that you want to represent you, if you want to employ them, I give you opportunity here and now to make such employment. . . The Court: Well, the best the court can do at the moment is to appoint you the best counsel that we can produce here, that is, Mr. Wheeler, who is there at your table. Walter Anthony Williams: Well, I thank you sir, but I had rather not have him. . . The Court: Let me at this time tell the defendant . . . advise him . . . Defendant Williams, this is to advise you that your court appointed counsel, Mr. W. M. Wheeler, of Thomson, Georgia, is present and he will continue to be present during the course of the trial of the case, and if during the trial you determine that you want to advise with him concerning any feature or phase or development in this case, you may do so. I just want you to know that fact . . . that he is present, ready, willing, and able to advise with you anytime you may desire. Walter Anthony Williams: Well, I really don't want him. . . The Court: Well, all right, but I just want you to know the fact that he is here in case that you decide that you want to use him."

1. The constitutional guarantees of the benefit of counsel to a defendant in the trial of a criminal proceeding both Federal (Art. 6 and the Fourteenth Amendment, U. S. Constitution),

and State (Art. I, Sec. I, Par. V; *Code Ann.* § 2-105, Constitution of 1945), may be waived by the defendant. Uveges v. Pennsylvania, 335 U. S. 437 (69 SC 184, 93 LE 127); Adams v. United States, 317 U. S. 269 (63 SC 236, 87 LE 268, 143 ALR 435); Collins v. Heinze, 125 FSupp. 186, aff. 217 F2d 62, cert. den. 349 U. S. 940; *Elam v. Rowland,* 194 Ga. 58 (20 SE2d 572).

2. *Code* § 81-1413 provides: "The illness or absence, from providential cause, of counsel where there is but one, or of the leading counsel where there are more than one, shall be sufficient ground for continuance: Provided, the party making the application will swear that he cannot go safely to trial without the services of such absent counsel, and that he expects his services at the next term, and that said application is not made for delay only."

A motion to continue on the ground that counsel is ill must affirmatively disclose that he is sick; that the motion is not made for delay only; and that movant expects to secure his service at next term. *Wall v. State,* 126 Ga. 86 (1) (54 SE 815). The record does not show the above section was complied with.

The record in this case shows that the petitioner at the time of his trial was employed as a cement finisher; that he had completed the 12th grade in high school; that at the beginning of his trial he discharged counsel of his choice and was offered, by the trial judge, the opportunity of employing other counsel, which he refused; that the offer of the trial judge to appoint counsel for him was refused; that he was fully apprised of the nature of the charge against him and that he knowingly and intentionally, with a full understanding of his right to counsel, and the nature and consequences of the offense for which he was being tried, waived his right to counsel.

It was not error to deny the writ and to remand the petitioner to the custody of the warden.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 11, 1970—DECIDED JULY 9, 1970.

*John H. Ruffin, Jr., Thomas M. Jackson,* for appellant.