## 27095. BROWN v. CALDWELL.

HAWES, Justice. The appeal here is from the order and judgment of the Superior Court of Tattnall County remanding the appellant to the custody of the warden of the State prison after a hearing on his application for a writ of habeas corpus.

1. Appellant makes six contentions before this court. Four of those contentions relate to his arrest without a warrant: his illegal detention for several days before his arraignment; his interrogation by the police without advice as to his constitutional rights to remain silent and to have counsel present during the interrogation; and, to the unconstitutional composition of the grand and petit jury panels. A valid plea of guilty waives all defenses known and unknown. *Snell v. Smith,* 228 Ga. 249, 250 (184 SE2d 645). With respect to contentions like those here sought to be raised by the appellant, this rule is based upon the premise that such things as the arrest without a warrant, the illegal interrogation and the illegal composition of the jury panels bear no causal relation to the prisoner's present incarceration. This is especially true where it appears, as here, the petitioner was represented by counsel (in this case retained counsel), and where the evidence authorizes the finding that his plea was freely and voluntarily and knowingly entered. There is a presumption that, having entered the guilty plea while represented by counsel, the accused did so upon competent advice and after full advice as to his rights.

*Fowler v. Grimes,* 198 Ga. 84, 88 (31 SE2d 174). There is no merit in these four contentions.

2. Appellant contends that he was denied effective assistance of counsel in that retained counsel did not confer with him or investigate his case. However, the evidence authorized a finding that a firm of attorneys was employed by the appellant's mother and brother some ten days or two weeks prior to the entry of his guilty plea; that the attorneys so retained had conferred with the solicitor general and had investigated the case to the extent that they were convinced that it was the best strategy for the accused to plead guilty to the charge of murder, and that they advised appellant's mother and brother that if he would plead guilty the solicitor would agree to the imposition of a life sentence. A finding in accordance with appellant's contention that he was misled as to the nature of the plea he was entering, thinking that he was pleading guilty to the lesser offense of manslaughter, was not required. The evidence shows that both appellant and his attorney signed the plea of "guilty" on the back of the indictment charging him with the offense of "murder." Appellant did not contend that he was illiterate and could not read. He represented himself in the trial of this habeas corpus case and the record made upon the trial indicates that he is certainly not a person of low intelligence. Under all the circumstances, the habeas corpus court was authorized to find against his contention that his plea was not freely, voluntarily and knowingly entered.

3. Finally, appellant contends that he should be released because the trial judge failed to ascertain that his plea was freely and voluntarily entered and that there was a factual basis for it. This contention is obviously based upon the holding of the Supreme Court of the United States in the case of Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). The plea in this case was entered in March of 1964. The ruling in the Boykin case will not be given retroactive application. *Laidler v.*

*Smith,* 227 Ga. 759 (2) (182 SE2d 891); *Purvis v. Connell,* 227 Ga. 764, 767 (182 SE2d 892).

4. The trial court did not err in denying the writ and in remanding the applicant to the custody of the respondent.

*Judgment affirmed. All the Justices concur.*
SUBMITTED MARCH 13, 1972—DECIDED MAY 19, 1972.

Franklin D. Brown, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.