## 27185. MASSEY v. THE STATE.

GUNTER, Justice. This criminal case, in which the death penalty has been imposed three times by three different juries, has had an unusual and a rather lengthy history.

The appellant, a white male, was indicted and tried in 1964 for having committed the crime of rape against a black female. The jury found him guilty and imposed the death penalty.

On appeal to this court the judgment was reversed and a new trial granted for violation in the trial court of the rule concerning sequestration of witnesses. The case was decided in this court on May 6, 1965. See 220 Ga. 883 (142 SE2d 832).

After that reversal the appellant was re-indicted and tried again in the trial court for the same crime. The jury convicted him and again imposed the death penalty. On appeal to this court the judgment of the trial court, including both the conviction and the sentence, was affirmed on May 5, 1966. See 222 Ga. 143 (149 SE2d 118). On November 7, 1966, an appeal to the Supreme Court

of the United States was dismissed and certiorari was denied. See 385 U. S. 36 (87 SC 241, 17 LE2d 36).

On June 3, 1968, the Supreme Court of the United States decided the case of Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776), in which it held that no sentence of death could be carried out, regardless of when it was imposed, if members of the jury were excluded for cause simply because they had voiced objections to capital punishment. Appellant then brought an application for a writ of habeas corpus which was appealed to this court, and by reason of the United States Supreme Court's decision in Witherspoon this court affirmed the appellant's conviction but reversed the judgment insofar as it imposed the death penalty, and a new trial was ordered on the issue of punishment alone. See *Massey v. Smith*, 224 Ga. 721 (164 SE2d 786) (decided October 10, 1968). Following that decision, on May 19, 1969, the Supreme Court of the United States denied certiorari (395 U. S. 912 (89 SC 1756, 23 LE2d 225)).

A new trial for the appellant on the issue of penalty alone was then scheduled in the trial court for July 20, 1970; however, appellant had filed a Federal habeas corpus action which was then pending, and he moved for a continuance of the penalty trial on that ground which was denied by the trial court; he then moved for a change of venue which was also denied by the trial court, and an appeal was taken to this court which had the effect of staying further proceedings (the penalty trial) in the trial court. On January 8, 1971, this court dismissed that appeal (227 Ga. 257 (181 SE2d 71)), and thereafter the Supreme Court of the United States dismissed an application for a writ of certiorari (404 U. S. 802 (92 SC 21, 30 LE2d 35)).

Appellant's federal habeas corpus action was terminated by denial of relief in the United States District Court and affirmance by the United States Court of Appeals for the 5th Circuit. The circuit court's judgment was entered July 13, 1971 (446 F2d 1388).

The appellant's penalty trial then took place in the trial court in October, 1971, resulting in the jury again imposing the death penalty. Appellant filed a motion for a new trial which was denied by the trial court on February 11, 1972. An appeal was taken to this court and docketed here on March 14, 1972.

While the appeal from this last penalty judgment was pending in this court, the Supreme Court of the United States on June 29, 1972, rendered its decision in Furman v. Georgia, 408 U. S. 238 (92 SC 2726, 33 LE2d 346), which held that the imposition and carrying out of the death penalty in those cases constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. On the same date the Supreme Court of the United States rendered its decision in Moore v. Illinois, 408 U. S. 786 (92 SC 2562, 33 LE2d 706), in which the conviction of Moore was upheld by a vote of 5 to 4, but by a unanimous vote of the Justices the Court held (p. 800): "The sentence of death, however, may not now be imposed."

In view of the unanimous and somewhat all-encompassing decision in Moore proscribing the imposition and carrying out of the death sentence, as distinguished from the rather narrow holding on this issue ("in these cases") in Furman, Jackson and Branch, we must hold that the present Georgia statutes permitting the death penalty to be imposed and carried out in criminal cases in Georgia are in violation of the Georgia and United States Constitutions.

In 1968, because of the decision in Witherspoon with respect to the exclusion of jurors in capital cases, it was necessary for this court to return appellant's case to the trial court for a penalty re-trial. At that time had this court had the benefit of the decision in Moore v. Illinois, decided June 29, 1972, this court would have remanded the case to the trial court with direction to vacate the death penalty sentence and substitute in its place a sentence of life imprisonment. In the light of Moore v. Illi-

nois, 408 U. S. 786, supra, that is what we do now.

The enumerated errors in the present appeal attacking the imposition of the death penalty as being violative of the Georgia and United States Constitutions we hold to be meritorious for the reasons hereinbefore stated. The other enumerated errors in this appeal we hold to be without merit.

The judgment of the trial court is affirmed except for that portion thereof which imposes the death penalty. Direction is given to the trial court as follows: The presiding judge in the trial court shall enter a judgment sentencing the appellant to be imprisoned for the balance of his life, this being the only lawful sentence which may be entered upon the conviction and finding of the jury that the appellant should receive the maximum sentence permitted by law. Direction is also given that the appellant and his counsel of record be served with a copy of the life sentence within five days from the date of entry.

*Judgment affirmed with direction. All the Justices concur.*

ARGUED MAY 8, 1972—DECIDED NOVEMBER 20, 1972—
REHEARING DENIED DECEMBER 18, 1972.

*John R. Myer, Howard Moore, Jr., Elizabeth R. Rindskopf, Bobby L. Hill, Fletcher Farrington,* for appellant.

*W. J. Forehand,* District Attorney, *Arthur K. Bolton,* Attorney General, *Harold N. Hill, Jr.,* Executive Assistant Attorney General, *Courtney Wilder Stanton, William F. Bartee, Jr.,* Assistant Attorneys General, for appellee.