### 27342. GRANTLING v. THE STATE.

GUNTER, Justice. The appellant was convicted of rape in the trial court and was given a death sentence. He filed a motion for new trial which was overruled by the trial court, and he has now come here for review.

The appellant has insisted on four alleged errors here. We deem those errors to be without merit, and the judgment below must be affirmed except for that part of the judgment imposing the death penalty.

1. The first error insists that the jury that tried the appellant was not representative of the community in which he was tried. The first part of this complaint is that the State used its peremptory challenges to remove all black jurors from the jury finally selected for the trial. We have consistently held that peremptory challenges in selecting a jury may be arbitrarily made by either party, and no reason needs to be given for the exercise of this right given by law. *Watkins v. State,* 199 Ga. 81 (33 SE2d 325). This case does not fall within the very narrow exception to the general rule as set forth in Swain v. Alabama, 380 U. S. 202 (85 SC 824, 13 LE2d 759).

The second part of this alleged error complains that jurors

opposed to capital punishment were excluded from the jury. The decision of the Supreme Court of the United States abolishing the death penalty under present capital punishment statutes makes this contention moot. See Stewart v. Massachusetts, 408 U. S. 845 (92 SC 2845, 33 LE2d 744). See also in this connection this court's decision in *Fountain v. State,* 228 Ga. 306 (185 SE2d 62) (1971).

2. Appellant's second contention is that the State's Exhibits 16 and 17, a scrap of cloth and a hair barrette, should not have been admitted in evidence over objection by the appellant. The basic claim here is that no proper foundation was laid to connect these items with similar items worn by the victim of the crime. A review of the transcript convinces us that there was sufficient foundation for the introduction of these items in evidence, and the weight or persuasive value of this evidence was within the domain of the jury. The trial court did not commit error in admitting these items in evidence over the objection offered.

3. Appellant further objected to the introduction of State's Exhibits 12 and 13, a strip of chrome from a vehicle and the license tag from a vehicle, on the ground that they were procured by a warrantless and illegal search in violation of the 4th and 14th Amendments to the United States Constitution. These items were from a vehicle that was not owned by the appellant. The Supreme Court of the United States has held that "a 4th Amendment violation can be successfully urged only by those whose rights were violated by the search itself, and not those who are aggrieved solely by the introduction of damaging evidence." Alderman v. United States, 394 U. S. 165 (1) (89 SC 961, 22 LE2d 176). It was not error to admit these items in evidence.

4. The fourth alleged error insisted upon complains of two parts of the court's charge to the jury. We have reviewed the entire charge very carefully, and it is not susceptible to the criticisms offered here by appellant. This alleged error is without merit.

The judgment of conviction is affirmed except for that portion thereof which imposes the death penalty. Stewart v. Massachusetts, 408 U. S. 845, supra.

Direction is given to the trial court as follows: The presiding judge in the trial court shall enter a judgment sentencing the appellant to be imprisoned for the balance of his life, this being the only lawful sentence which may be entered upon the conviction and finding of the jury that the appellant should receive the maximum sentence permitted by law.

Further direction is given that the appellant and his counsel of record be served with a copy of the life sentence within five days from the date of entry.

*Judgment affirmed with direction. All the Justices concur.*
Submitted July 10, 1972—Decided November 20, 1972.

*Thomas M. Jackson, John H. Ruffin, Jr.,* for appellant.

*Ben J. Miller, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Daniel I. MacIntyre, Deputy Assistant Attorney General,* for appellee.