## 28356. AKINS v. THE STATE.

NICHOLS, Justice. The defendant was indicted and convicted for the offenses of kidnapping, rape and burglary occurring on November 19, 1972. On March 28, 1973, the Governor signed into law an Act to provide for the imposition of the death sentence, which

law became effective by its terms on such date. Ga. L. 1973, p. 159. The defendant was convicted upon a trial which began on May 7, 1973, and sentenced to death. The appeal is from such conviction and sentence.

1. No attack is made upon the constitutionality of the Act of 1973, supra, but upon the application of such Act to the defendant as such application would constitute it an ex post facto law.

In *Sirmans v. State,* 229 Ga. 743, 745 (194 SE2d 476), it was recognized that (prior to the adoption of the 1973 Act, supra), a death sentence could not be imposed under then existing statutes. See also *Massey v. State,* 229 Ga. 846 (195 SE2d 28) and *Howard v. State,* 231 Ga. 186. At the time the crimes here occurred a death sentence could not be imposed, and the later enacted statute, if applicable to the defendant here, would of necessity be an ex post facto law. Ex post facto laws are clearly prohibited. See Constitution of Georgia of 1945, Art. I, Sec. III, Par. II (Code Ann. § 2-302; Code § 102-104).

The imposition of the death sentence is reversed with direction that a judgment be entered sentencing the defendant to be imprisoned for the balance of his life, this being the only lawful sentence which may be entered upon the finding of the jury that the defendant should receive the maximum sentence permitted by law.

"Under decisions exemplified by *Fowler v. Grimes,* 198 Ga. 84, 92 (31 SE2d 174), it is not necessary that the defendant be present in open court or represented by counsel. However, direction is given that each defendant and his counsel of record be served with a copy of the life sentence within five days from the date of entry." *Sullivan v. State,* 229 Ga. 731 (194 SE2d 410).

2. In view of the above holding any question relating to qualifying the jury as to capital punishment is moot. Compare *Grantling v. State,* 229 Ga. 746 (1) (194 SE2d 405).

*Judgment reversed with direction. All the Justices concur.*

ARGUED OCTOBER 10, 1973 — DECIDED NOVEMBER 9, 1973.

*Garland & Garland, Theodore S. Worozbyt, Donald C. Beskin,* for appellant.

*Richard Bell, District Attorney, Hardaway Young, III, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean Grindle, Jr., Deputy Assistant Attorney General,* for appellee.