## 28640. BRINKS v. THE STATE.

Nichols, Justice.

William G. Brinks was indicted, tried and convicted for armed robbery and possession of narcotics. He was arrested less than an hour after the armed robbery in what was later proven to be a stolen automobile. On the date of arraignment, the day prior to the beginning of the trial, counsel for the defendant filed a motion seeking to have the defendant transferred to the Central State Hospital for psychiatric examination and report to the court. No special plea of insanity was filed, nor was insanity relied upon as a defense on the trial.

The evidence disclosed that the defendant was placed in a lineup shortly after his arrest and was identified by the victim. Prior to the appointment of counsel the defendant admitted in an interview with a detective and an FBI agent that he committed the armed robbery and had possession of the narcotic drugs found in the automobile. A motion for new trial was filed and overruled and the present appeal filed. *Held:*

1. The usual general grounds of the motion for new trial are deemed abandoned inasmuch as there is no enumeration of error which raises such question or attacks the sufficiency of the evidence to support the verdict.

2. Under the decision of this court in *Taylor v. State,* 229 Ga. 536 (192 SE2d 249), and the cases there cited the refusal to provide a psychiatric examination of the defendant was not error.

3. The defendant does not have standing to

complain of an alleged warrantless search of the stolen automobile. See *Grantling v. State,* 229 Ga. 746 (3) (194 SE2d 405); *Shelton v. State,* 111 Ga. App. 351 (141 SE2d 776), and cits. The admission of evidence obtained from such automobile shows no reversible error.

4. The placing of the defendant in a lineup without the presence of counsel prior to indictment and prior to the appointment of counsel did not violate the defendant's constitutional rights. See *West v. State,* 229 Ga. 427 (192 SE2d 163). The in-court identification was sufficiently independent of such lineup identification to authorize its admission in evidence. *Mitchell v. Smith,* 229 Ga. 781, 782 (194 SE2d 414).

5. Where as in this case the trial court heard evidence as to voluntariness of statements made to investigating officers out of the presence of the jury, and such evidence was again adduced in the presence of the jury, it was not error to admit evidence of such statements since a finding was authorized that the presence of counsel was intelligently waived after the defendant was advised of his right to have counsel present and the statements were voluntarily made.

6. Where as in this case counsel for the defendant announces that the defendant will make an unsworn statement, instruction by the court to the defendant in the presence of the jury as to his right to make an unsworn statement is not a comment on the defendant's failure to be sworn. As was held in *Massey v. State,* 226 Ga. 703 (2) (177 SE2d 79): "The mere fact that the jury is made aware that the defendant is making an unsworn statement does not result in reversible error. See *Waldrop v. State,* 221 Ga. 319 (7) (144 SE2d 372); *Hammond v. State,* 225 Ga. 545, 546 (170 SE2d 226)."

7. Code Ann. § 59-718.1 provides: "At any time during the trial of a civil or criminal case, either before or during jury deliberation, the judge may, in his discretion, allow the jury to be separated and the members thereof dispersed under appropriate instructions, except in capital cases." (Ga. L. 1972, p. 622.) This provision was enacted at the 1972 Session of the General Assembly and approved by the Governor on March 30, 1972. Under the provisions of the Act of 1968

(Ga. L. 1968, p. 1364 as amended; Code Ann. § 102-111) such Act became effective July 1, 1972. On June 29, 1972 the United States Supreme Court rendered decisions in Furman v. Georgia, 408 U. S. 238 (92 SC 2726, 33 LE2d 346); and Moore v. Illinois, 408 U. S. 786 (92 SC 2562, 33 LE2d 706), which precluded death sentences from being imposed and carried out under any then existing law in Georgia. See *Massey v. State,* 229 Ga. 846 (195 SE2d 28).

The Act of 1973 (Ga. L. 1973, p. 159) which provides for the imposition of death sentences in certain cases became effective March 28, 1973. The indictment here charged the defendant with the offense of armed robbery on March 5, 1973. Such Act could not be applicable to the defendant. See *Akins v. State,* 231 Ga. 411 (202 SE2d 62).

Inasmuch as the defendant could not be sentenced to death for a crime committed on March 5, 1973 the trial court had a discretion under the terms of Code Ann. § 59-718.1, supra, since a proper construction of such Act removes the discretion of the trial court only where a death sentence may be imposed in the case, although such crime is a capital felony and the conviction is reviewable by this court. Accordingly, the trial court did not err in overruling the defendant's motion that the jury not be allowed to disperse prior to verdict.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 1, 1974 — DECIDED MARCH 8, 1974 — REHEARING DENIED MARCH 21, 1974.

*C. Ronald Patton, William Brinks,* for appellant.
*F. Larry Salmon, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.