## 49049. JESTER v. THE STATE.

QUILLIAN, Judge.

The defendant was convicted of operating an automobile upon the public highway while under the influence of intoxicating liquors. He filed a motion for a new trial which was overruled and an appeal was filed. *Held:*

1. The defendant contends that the court's instruction to the jury in regard to reasonable doubt was error because it did not contain a provision as to the credibility of witnesses. The charge excepted to stated: "It means a doubt which grows out of the case on trial for the want, lack, insufficiency, or conflict in the testimony, or such a doubt as a conscientious juror may have after an honest sincere effort to arrive at the truth of the case." Immediately following the charge on reasonable doubt the trial judge instructed the jury as to the credibility of witnesses. The enumeration of error is without merit. *Bonner v. State,* 152 Ga. 214 (109 SE 291).

2. The defendant's second enumeration of error argues that the trial judge erred in failing to instruct the jury as to what weight and credit should have been given the defendant's sworn testimony. It should be noted that this appeal involves the law in regard to this issue prior to Ga. L. 1973, p. 292.

In support of his position the defendant cites *Pickler v. State,* 220 Ga. 224 (138 SE2d 171), in which a new trial was granted because the trial judge instructed the jury as to the defendant's right to make an unsworn statement

when in fact he had testified under oath. The basis of that decision was that the charge was not adapted to the record and not because of any failure to instruct the jury as to what weight was to be given the defendant's testimony.

It has been clearly held that it was error for the trial judge to instruct the jury that the defendant had the right to be sworn as a witness when he had made an unsworn statement. *Lynch v. State,* 108 Ga. App. 650 (134 SE2d 526). It has also been held that it was error for the trial judge to instruct the defendant in the jury's presence as to his right to testify or make an unsworn statement. *Wynn v. State,* 230 Ga. 202 (196 SE2d 401). However, we know of no authority for holding it is error for the trial judge to fail to instruct the jury as to what weight is to be given the defendant's testimony, because it should be given the same weight and credit as any other witness. In view of this it would seem the better practice would be not to single out the defendant for special attention as to the weight and credibility of his sworn testimony.

In the event the trial judge had charged as to the credibility of the accused a suggested charge was stated in *Hudson v. State,* 108 Ga. App. 192 (132 SE2d 508, 100 ALR2d 1395). However, nothing stated in the *Hudson* case was authority for the position that the court should have given such an instruction.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

Submitted February 4, 1974 — Decided March 13, 1974.

*Byrd, Groover & Buford, Floyd M. Buford, Alfred D. Fears,* for appellant.

*Edward E. McGarity, District Attorney,* for appellee.