## 29319. PATTERSON v. THE STATE.

HALL, Justice.

Eugene Patterson was convicted and sentenced to ten years' imprisonment for the August 7, 1972 armed robbery of the Bank of Ray City in Ray City, Georgia.

Briefly, the state's evidence showed that the Bank of Ray City had been robbed at approximately 10:15 a.m. on August 7, 1972, by three black men, one of whom wore a wine colored shirt, and one of whom wore a gold colored shirt. They wore no masks. Patterson was identified positively at a pre-trial lineup and at trial by two of the bank's employees as the gold-shirted robber. Additionally, the state introduced evidence that two shirts matching the foregoing descriptions and two stocking masks had been found the next day in a ditch, and the gold shirt bore a laundry tag with a number that matched a record of the Big B Cleaners in nearby Valdosta, Georgia, showing that such a tag had been affixed to a gold shirt which was brought to the laundry some five months before by someone giving the name Mary Patterson. Patterson's evidence showed that his wife's name was Mary. Another state witness testified that shortly after 10:00 a.m. on August 7 she had seen an automobile of the same body style as a 1972 Grand Prix Pontiac, of the color "Shadow Gold," driven by a black man, stop near her house a block or two from the bank, and pick up two other black men one of whom wore a wine colored shirt, and then proceed in the direction of the bank. It was shown that on the day of the robbery Patterson's brother Willie owned a 1972 Shadow Gold, Grand Prix Pontiac. A witness testified that he had seen Patterson driving Willie's car on numerous occasions, and saw him driving it on the morning of the robbery. Another witness testified that on the day of the robbery Willie was not driving his own car, but was driving Patterson's pickup truck.

Patterson testified in his own behalf with supporting witnesses that he was elsewhere at the time of the robbery, and that there was another Mary Patterson who lived in Valdosta.

1. Enumeration 5 complains of the admission of all

testimony concerning Willie's Grand Prix automobile, on the grounds that it is irrelevant, immaterial, and harmful, and that nothing connects Patterson to the automobile nor the automobile to the robbery. The brief evidentiary summary above shows that this enumeration is without merit. The state's evidence concerning the automobile tended to show that the robbers used such an automobile and that Patterson had access to such an automobile and was actually driving it on the day of the robbery. If an item of evidence has a tendency to establish a fact in issue, that is sufficient to make it relevant and admissible. Green, The Georgia Law of Evidence, § 61 (1957). "Every fact or circumstance serving to elucidate or throw light upon the issue being tried, constitutes proper evidence in the case." *Georgia Savings Bank &c. Co. v. Marshall,* 207 Ga. 314 (1) (61 SE2d 469). This general objection to the admission of evidence concerning Willie's automobile is without merit.

2. Enumeration 3 urges error in the admission of four items of testimony concerning the gold shirt. First, the testimony of the witness Rouse, an employee of the Big B Cleaners, was objected to on the ground that she had no independent recollection of the person who brought the shirt in for cleaning and could not testify as to who it was whose name she had written as Mary Patterson. The gist of this objection is that Rouse could not testify that Patterson's wife brought the shirt in, and that this gap in the proof renders the evidence inadmissible; but this misconceives the nature of circumstantial evidence which by definition points only indirectly toward the conclusion sought by the state. "The question of admissibility of circumstantial evidence is largely in the discretion of the trial court; and where facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of such facts in connection with other facts in evidence, it is not error to permit the jury to hear them." *Bond v. State,* 104 Ga. App. 627, 632 (122 SE2d 310). This testimony was properly admitted.

Next, Patterson urges that the testimony of Greeson, an agent with the Division of Investigation, concerning a certain gold shirt, was improperly admitted because there

was no competent connection between the shirt and Patterson, and because Greeson's testimony was hearsay. Greeson testified that after the shirts and stocking masks were found the Sheriff of Berrien County reported that fact to Greeson and as a result of the report Greeson took the items to the bank for viewing by the bank employees and traced the laundry tag in the yellow shirt to the Big B Cleaners, getting a name from them. He testified that other witnesses described a Pontiac as the robbers' possible vehicle, and that his investigation of recent Pontiac purchasers turned up the same name as the laundry ticket — Patterson. Further investigations resulted in Greeson's arresting appellant Patterson. The state offered this testimony under the authority of Code § 38-302 allowing hearsay to be admitted as original evidence to explain conduct, to explain Greeson's steps in pursuing the investigation. The admission of it on this basis was not error. The link between Patterson and the yellow shirt did not rest on Greeson's testimony, but was independently brought out by the witnesses from the laundry; by the bank witnesses who positively identified Patterson and testified to his wearing a gold shirt; and by Patterson himself who testified that he owned such a shirt and that he would not say definitely that the state's exhibit 9 (the gold shirt) was his, but that it might be. Therefore, the state did not utilize Greeson's testimony with reference to the shirt for more than it claimed in offering it — to explain his conduct — and its admission for this purpose was not error.

Specific objection is made to the following testimony of Greeson concerning his interrogation of Patterson: "And, I also told him [Patterson] that the shirt had been placed in the cleaners at Valdosta by a Mary Patterson, which was his wife." This is claimed to be hearsay and a conclusion by Greeson. This was not hearsay because it was not offered to tell the jury that Patterson's wife took the shirt to the cleaners, but to tell the jury that Greeson argued to Patterson that Patterson's wife evidently took the shirt to the cleaners. "[W]e should exclude from hearsay out-of-court statements offered in proof, not because of the fact asserted in such statement but merely as proof that such a statement was made." Green, supra,

§ 218. Under the same analysis, this testimony is not subject to the objection that it was a conclusion of the witness.

Finally, objection is made that the witness Harris, who owned Big B Cleaners, testified "that's the shirt" when shown the state's exhibit 9, thus identifying it as the shirt to which the dry cleaning tag had initially been affixed, and that the trial court refused to strike the sentence. Any error in refusing to strike this sentence was harmless, since Harris readily admitted that he had no independent recollection from which he could say that the shirt put in the cleaners on the Mary Patterson ticket was actually the shirt found in the ditch.

For the foregoing reasons, there is no merit in Enumeration 3. To Patterson's argument that the state may not prove its case by piling inference on inference (concerning the robber, the shirt, the laundry, and Patterson's wife) we answer that this is not solely a circumstantial evidence case: two eyewitnesses positively and unswervingly identified Patterson as one of the three bank robbers. The "shirt evidence" need not be independently adequate to convict, to be admissible in this case.

3. Enumeration 4, in conclusory fashion, alleges error in the admission of state's exhibits 7, 8, 9 and 10 — the laundry ticket, the wine colored shirt, the gold colored shirt, and the stocking masks — on grounds that their connection with Patterson is too tenuous to allow their admission . What goes before is adequate to show that the items were properly admitted. The stocking masks were not used in this crime, but as they were found with the shirts which were identified by the bank employees, there was no error in admitting them.

4. The court instructed the jury that although Patterson was not compelled to give testimony, he had been sworn, examined and cross examined, and his evidence should be weighed with all the other evidence in deciding guilt or innocence. In his Enumeration 7, Patterson urges that, having called attention to his having testified, the court should have gone further and instructed the jury that his evidence had the same standing as any other witness' despite his being accused

of crime. Nothing in the record indicates that Patterson requested such an instruction, and Georgia law does not require that such be given. *Jester v. State,* 131 Ga. App. 269 (205 SE2d 444).

5. Enumeration 8 concerns the following instruction: "Now, the law makes it your duty to reconcile conflicting evidence if there be such in this case, so as to make all the witnesses speak the truth, and perjury be imputed to none of them. But, if there be any evidence in this case, in such irreconcilable conflict that this cannot be done, it would then be duty [sic] to believe that *evidence* which is most reasonable to you, and which is most credible to you." (Emphasis supplied.) Patterson contends that for the italicized word "evidence" the court should have said "witnesses," because otherwise the jury are not told that if testimony of some witnesses is in irreconcilable conflict with others', they may disregard testimony least worthy of belief. We do not think this objection is well taken. The instruction as a whole informs the jury adequately that witnesses' testimony is evidence, and tells them how to weigh conflicting evidence. Therefore, they were told in effect that if witnesses disagree, they should believe the most credible and reasonable.

6. Enumeration 9 complains that the court erred in failing to charge the jury correctly with respect to consideration of evidence admitted for a limited purpose. The charge given was as follows: "Now, I charge you that there has been admitted into evidence here, for certain limited purposes, only [sic] certain evidence, about which I instructed you at the time. I further charge you that such evidence admitted for a limited purpose only, is by no means conclusive as to the issue involved, but it is to be considered by you, along with all the other evidence in this case. And, you can give it whatever credit and weight that you believe it is entitled to receive." Patterson argues the charge was incomplete, and in instructing the jury to consider such evidence with the other evidence, the court did not limit the purpose for which it could be considered. The record does not indicate that such a limiting instruction was requested, and in the absence of a request, there was no error in failing to supplement the instruction

as Patterson urges. *Central of Georgia R. Co. v. Brown,* 138 Ga. 107, 110 (74 SE 839).

7. In Enumeration 10, Patterson enumerates as error the following charge on alibi: "Now, alibi as a defense involves the impossibility of the presence of the accused at the scene of the offense at the time of its commission. And, the range of the evidence in respect to time and place must be such as to reasonably show the impossibility of the presence of the accused at the time and place of the offense.

"If you believe that a crime was committed, as charged in this indictment, but you do not believe that this Defendant was present, or was involved as a co-conspirator at the time and place of such offense, you should acquit him upon that ground.

"*Alibi as a defense should be established to the reasonable satisfaction of the jury,* and not beyond a reasonable doubt. When testimony on the subject of alibi is offered on the trial of a case, it is the duty of the jury to take that testimony, along with all other evidence in the case, in determining the guilt or innocence of the defendant."

The state relied in its brief upon *Trimble v. State,*[1] 229 Ga. 399 (191 SE2d 857), a four to three decision of this court. We hold the charge to be erroneous.

"In a criminal case a charge to the jury that alibi must be established by the defendant to the reasonable satisfaction of the jury is error for the reason that it shatters the presumption of innocence, creates confusion in the minds of the jury, shifts the burden of persuasion to the defendant on the issue of his presence at the crime and requires him to establish his innocence, is inconsistent with the principle that the state must prove the defendant's guilt beyond a reasonable doubt, and thereby violates fundamental rights incorporated in the due process clause of the Fourteenth Amendment of the United States Constitution." *Parham v. State,* 120 Ga.

---

[1] Trimble was later released on federal habeas corpus. Trimble v. Stynchcombe, 481 F2d 1175.

App. 723 (171 SE2d 911); Mosley v. Smith, 470 F2d 1320, cert. den. 412 U. S. 932; Smith v. Smith, 454 F2d 572, cert. den. 409 U. S. 885; Thornton v. Stynchcombe, 323 FSupp. 254. See also the dissenting opinion of Justice Gunter in *Trimble,* supra, pp. 401-402, and that part of Justice Jordan's concurring opinion and Justices Gunter's and Ingram's dissenting opinions involving the law on alibi in *Grace v. State,* 231 Ga. 113, 116-128 (200 SE2d 248).[2]

For the reasons stated above this court on a four to three vote held on December 3, 1974, that the conviction must be reversed because of the reversible error in the alibi charge. On rehearing the state took the new position that the instruction with respect to alibi was requested by defendant's counsel, although this alleged fact was nowhere reflected in the record. The state submitted a certificate of the trial judge in support of its position. The defendant's counsel responded that he made no such request and that none was filed with the clerk as required by Code Ann. § 70-207 (b).

---

[2] All seven Justices of this court approve the following charge on "alibi" based upon Special Charge 6, Pattern Jury Instructions — Criminal, prepared by Committee on Pattern Jury Instruction, Council of Superior Court Judges of Georgia: "Now, the defendant in this case contends that he was not present at the scene of the offense at the time of its commission. In that connection I charge you that alibi as a defense involves the impossibility of the accused's presence at the scene of the offense at the time of its commission. Presence of the defendant at the scene of the crime(s) alleged or his involvement as a co-conspirator is an essential element of the crime(s) set forth in this indictment, and the burden of proof as to such issue rests upon the State as I have instructed you already. Any evidence in the nature of an alibi should be considered by the jury in connection with all other facts in the case, and if, in doing so, the jury should entertain a reasonable doubt as to the guilt of the accused, they should acquit."

Where the correctness of the record is called into question the matter is to be resolved by the trial court. Code Ann. § 6-805 (f). Cf. Code Ann. § 6-805 (g) ("... in case of the inability of the parties to agree as to the correctness of such transcript, the decision of the trial judge thereon shall be final and not subject to review...") The trial court has certified that the alibi charge given was requested, and that concludes the matter in this court despite defendant's attorney's challenge, in his briefs, to the correctness of that information. Because the charge was requested, reversible error cannot flow from its use despite our ruling above that the charge as given was constitutionally infirm.

Defendant's attorney argues now that even assuming he requested the charge, nonetheless he may not for this procedural reason be barred from complaining of it, because its infirmity is of constitutional magnitude. Translated, this argument urges that one may not waive a constitutional right. This is not the law. A criminal defendant may in a procedural setting implement choices which have the effect of waiving basic constitutional guarantees. The right to counsel may be waived (*Williams v. Gooding,* 226 Ga. 549 (176 SE2d 64)); a host of constitutional guarantees may be waived by the entry of a valid guilty plea. *Brown v. Caldwell,* 229 Ga. 186 (190 SE2d 52). In Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 1461), and recently in Schneckloth v. Bustamonte, 412 U. S. 218 (93 SC 2041, 36 LE2d 854), the United States Supreme Court has discussed extensively the standards for valid waivers of certain constitutional protections. There is nothing in those opinions which undercuts the long standing rule that error may not be enumerated upon the giving of a charge requested by defendant's counsel.

8. The verdict was supported by the evidence and Enumerations 1 and 2 raising the general grounds are without merit.

Enumeration 6 having been withdrawn, and all other enumerations of error being without merit, the conviction is affirmed.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., and Undercofler, P. J., who concur in*

*Divisions 1-6 and 8, with Footnote 2 in Division 7 and with the judgment, and Gunter, J., who dissents as to Division 7 and the judgment of affirmance.*

ARGUED OCTOBER 16, 1974 — DECIDED FEBRUARY 5, 1975 — REHEARING DENIED FEBRUARY 18, 1975.

*Bennett, Saliba & Wisenbaker, James T. Bennett, Jr., Byrd, Groover & Buford, Denmark Groover, Jr., Fred L. Belcher,* for appellant.

*Vickers Neugent, District Attorney, Arthur K. Bolton, Attorney General, Lois F. Oakley,* for appellee.

GUNTER, Justice, dissenting.

I would reverse the judgment in this case. I think that the charge on alibi given in this case was a burden-shifting charge and therefore violative of due process of law. A majority of this court now adopts this position, but this conviction is affirmed because the trial judge has certified, outside of the record originally certified to this court by the clerk of the trial court, that appellant's counsel requested the charge on alibi that was given.

Code Ann. § 70-207 (b) provides that the trial judge shall file with the clerk of the trial court all requests to charge submitted to him, whether given in charge or not. If appellant's counsel in fact requested the alibi charge given, it was not filed with the clerk of the trial court by the trial judge as the statute requires. Appellant's counsel contends in his brief that he did not request the charge given, and the clerk of the court did not certify it as a part of the record in the case.

Code Ann. § 6-805 (f) provides that if anything material to either party is omitted from the record on appeal or is misstated in the record, the trial judge may direct that the omission or misstatement be corrected, and, if necessary, that a supplemental record shall be certified and transmitted "by the clerk of the trial court." I do not interpret this statutory provision to mean that the trial judge can merely file his own certificate in the appellate court as to what transpired in the trial court.

This statutory provision also provides that if the "record does not truly or fully disclose what transpired in the trial court and the parties are unable to agree thereon, the trial court shall set the matter down for a hearing with notice to both parties, and resolve the difference so as to make the record conform to the truth."

I think that burden-shifting charges are constitutionally infirm and are a denial to an accused person in a criminal case of his right to have the state prove his guilt beyond a reasonable doubt. I would reverse this conviction.

I respectfully dissent.