## 29675. SIMS v. THE STATE.

PER CURIAM.

Sims was convicted by a jury of murder and robbery, and appeals. The state's evidence tended to show that Sims deliberately unbuckled or unsnapped the strap securing the revolver of a security guard standing at a bus stop, stole the gun, ran to a waiting automobile and drove away with two companions one of whom was the driver; and that farther down the street Sims shot and killed an unarmed pursuer who had succeeded in persuading the driver to stop and who was speaking to the occupants of the car, including Sims, as he was shot. In his defense, Sims gave sworn testimony that he and another were playfully shadowboxing on the street while waiting for a friend to drive around the block to pick them up; that Sims stumbled into the security guard whose gun was loosened

by the impact and fell to the street; that the guard uttered threats causing Sims to fear for his life; that consequently Sims grabbed the gun from the street and fled with it to his friend's car; that the pursuer who stopped the car was thought by Sims and his two companions to be a detective; and that he knew the man was shot, although he was vague about whether he did the shooting, testifying that "If I did it, I didn't know nothing about it."

1. The evidence was sufficient to authorize the jury's verdict of guilty as charged. Without deciding whether the witness Zachary was or was not an accomplice within the meaning of Code § 38-121 requiring corroboration, we rule that even if he was, the state's evidence provided sufficient corroboration of his testimony to convict Sims.

2. Sims contends that the trial court erred in failing to instruct the jury on the theory of self-defense.[1] After charging the jury, the court asked counsel for appellant and appellee if they had any objections to the charge. Counsel for appellant raised the question of whether a charge on voluntary manslaughter should have been given. When the court asked him if he had any other objections, counsel replied, "That's all." The state takes the position that the appellant thus waived any right he might have to object to the failure of the court to charge the law of self-defense.

(a) Under the Appellate Practice Act of 1965 as amended (Ga. L. 1965, p. 18; 1968, pp. 1072, 1078), an appellant in a criminal case may appeal and enumerate

---

[1]Defense counsel orally requested a charge on self-defense with reference to the robbery charge, arguing that Sims ran away with the gun out of fear of being shot with it. However, counsel specifically disclaimed to the trial court any intention of requesting a charge of self-defense concerning the murder, saying "I think that as far as the murder is concerned, there is no self-defense, that would not be appropriate, but . . . [self-defense is appropriate to the robbery charge]." However, in this court counsel argues that a charge on self-defense should have been given in connection with both murder and robbery.

error on an erroneous charge or on erroneous failure to charge without first raising the issue in the trial court. *Spear v. State,* 230 Ga. 74 (195 SE2d 397). The benefits of this rule are not deemed waived by defendant even where his counsel states to the trial judge that he has no objection to the charge of the court.

(b) After a review of the transcript, we are of the opinion that there is no evidence to warrant a charge on justification under Code Ann. § 26-901.

3. The contention that the trial court erred in failing to charge the jury on the law of voluntary manslaughter is without merit for the reason that there is no evidence which would authorize the instruction.

4. Appellant contends that the court erred in sustaining the state's objection to defense counsel's questioning a witness concerning the witness' "feelings as to persons of black skin." Counsel waived any right to assert error because after the court's ruling he stated "I'll drop it" and "Okay, Sir. I stand corrected. That's all." This enumeration is without merit.

*Judgment affirmed. All the Justices concur, except Hall, J., who dissents to Division 2 (a).*

SUBMITTED FEBRUARY 24, 1975 — DECIDED APRIL 17, 1975.

*McHaney & Lynn, Robert L. McHaney, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Don Frost, Assistant District Attorneys, Arthur K. Bolton, Attorney General, Lois F. Oakley, Deputy Assistant Attorney General,* for appellee.

HALL, Justice, dissenting to Division 2 (a).

I dissent to the holding that there can be no express waiver on the part of a defendant's counsel with respect to an erroneous charge of the court or the failure to charge in a criminal case. The majority opinion is (1) demanding a perfect criminal trial respecting the charge of the court, (2) relieving counsel of all professional responsibility with respect to any objection to the charge, and (3) advancing the "sporting theory" of justice by encouraging counsel to

play fast and loose with the trial court.

Let us examine the historical background and the current status of legislative enactments on the subject. Prior to the adoption of the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18) it was the general rule that a motion for new trial was an essential prerequisite to the filing of a writ of error in the appellate courts of Georgia when the plaintiff in error complained of an erroneous charge or the failure to charge. See Georgia Procedure and Practice § 23-34 (1957 Edition). However, the applicant for a new trial could except to the charge or the failure of the court to charge and assign error thereon in his original motion or in an amendment thereto; and it was not necessary to call the attention of the trial judge to any error in the charge, or exception to the charge, or to any failure to charge, before the jury rendered its verdict. Ga. L. 1937, p. 592. It is important to note that the impact of these provisions was that while the appealing party did not have to raise the objection prior to the verdict, he nevertheless had to raise it in the trial court as a prerequisite to the writ of error.

Both of the above provisions were repealed by the 1965 Act. Under that Act, a motion for new trial is no longer a condition precedent to an appeal except in the specific instances enumerated in the Act. Code Ann. § 6-702. The 1965 Act contained a provision for review of erroneous instructions regardless· of whether objection was made, but the provision was limited to civil cases. Ga. L. 1965, p. 18, 31. Code Ann. § 70-207(c). In 1966, this section was made applicable to all cases. Ga. L. 1966, pp. 493, 498. In 1968, the section was again superceded in its entirety "making this section apply only to civil cases, and not criminal." Ga. L. 1968, pp. 1072, 1078; Editorial Note, Code Ann. § 70-207. It is clear to me that there is no statutory procedure in Georgia on this subject in criminal appeals.

The question here is what rule will this court apply in the absence of a legislative mandate. The American Bar Association Standards Relating to The Administration of Criminal Justice provide: "At a conference on instructions, which should be held out of the hearing of the jury, and, on request of any party, out of the presence

of the jury, counsel should be afforded an opportunity to object to any instruction tendered by another party or prepared at the direction of the court. The court should advise counsel what instructions will be given prior to their delivery and, in any event, before the arguments go to the jury. No party should be permitted to raise on appeal the failure to give an instruction unless he shall have tendered it, and no party should be permitted to raise on appeal the giving of an instruction unless he objected thereto, stating distinctly the matter to which he objects and the grounds of his objection. However, if the interests of justice so require, substantial defects or omissions should not be deemed waived by failure to object to or tender an instruction." American Bar Association Standards, supra, Jury Instructions 4.6, pp. 329-330. This Standard is the same as that found in the federal courts (Rule 30, Federal Rules of Criminal Procedure), and I would adopt it in the review of criminal appeals in Georgia. Unfortunately, my colleagues do not agree with me.

I regret even more this court's refusal to apply the general rule of express waiver by the action of the defendant's counsel in stating to the trial judge that he had no objection to the charge of the court. How can this court refuse to allow waiver of an infirmity that is of less than constitutional magnitude and allow it for constitutional rights? "A criminal defendant may in a procedural setting implement choices which have the effect of waiving basic constitutional guarantees. The right of counsel may be waived (*Williams v. Gooding,* 226 Ga. 549 (176 SE2d 64)); a host of constitutional guarantees may be waived by the entry of a valid guilty plea. *Brown v. Caldwell,* 229 Ga. 186 (190 SE2d 52). In Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 1461), and recently in Schneckloth v. Bustamonte, 412 U. S. 218 (93 SC 2041, 36 LE2d 854), the United States Supreme Court has discussed extensively the standards for valid waivers of certain constitutional protections." *Patterson v. State,* 233 Ga. 724, 731.

The result of the majority opinion is that in a criminal case, a defendant can, in response to an inquiry from the trial judge, state that he has no objection to

anything charged by the trial judge; if he is convicted, he can then appeal to the appropriate appellate court with seriatim enumerations of error on every part of the trial judge's charge and the appellate court must review and rule on each one of these points. This is in my opinion a most inefficient way to administer a criminal justice system.