## 31585. AKINS v. THE STATE.

UNDERCOFLER, Presiding Justice.

The trial court in this case refused to entertain a motion for new trial raising additional issues after remittitur of the defendant's first appeal from this court. We affirm. The defendant must raise all issues on his first and only appeal, for judgment on that appeal is conclusive of all issues raised or which could have been raised.[1]

On May 8, 1973, Akins was found guilty of the rape and kidnapping of a six-year-old girl and of burglary, and sentenced to two death sentences and twenty years, respectively. He filed an appeal to this court, enumerating only (1) that the application of the Georgia death penalty law to him was unconstitutional as operating ex post facto since he committed these crimes before the statute was enacted, Ga. L. 1973 p. 159, and (2) that the jury was improperly qualified as to capital punishment. We held that his death sentences were unconstitutional and thus that the jury question was rendered moot, and reversed the trial court with direction to enter life sentences for Akins based on these enumerations of error. *Akins v. State,* 231 Ga. 411 (202 SE2d 62) (1973).

On remittitur on December 6, 1973, the trial court entered the appropriate sentences. Thereafter, January 2, 1974, Akins filed a motion for new trial on the general grounds but amended his motion adding additional grounds on November 20, 1974. The trial court refused to

---

[1]This ruling is not meant to include an extraordinary motion for new trial. Code Ann. § 70-303. See *King v. State,* 174 Ga. 432 (163 SE 168) (1931); *Harrell v. State,* 70 Ga. App. 521 (28 SE2d 821) (1944).

consider his motion,[2] and Akins filed this appeal from that ruling. His main contention is that the trial court regained jurisdiction on remittitur and entered a final judgment in his case. He therefore urges that he has 30 days from entry of judgment on the verdict to make his motion for new trial under Code Ann. § 70-301.

Akin overlooks the impact of the intervening appeal which is conclusive of "all matters in issue or that might legally have been put in issue." *Federal Investment Co. v. Ewing,* 166 Ga. 246 (1) (142 SE 890) (1928). Accord, *Wigging v. Tyson,* 112 Ga. 744 (38 SE 86) (1900); *Rahal v. Titus,* 110 Ga. App. 122 (138 SE2d 68) (1964). When the case was reversed with direction to enter the life sentences the jurisdiction of the trial court was limited to accomplishing that purpose only and otherwise acted as an affirmance of the verdict. "Where in affirming a judgment this court gives direction to the trial court to amend its decree in a certain specified manner, the trial court on receipt of the remittitur has no power or discretion to vary or modify the direction given, but must enter judgment in conformity with the instructions contained therein." *Lankford v. Holton,* 196 Ga. 434 (1) (26 SE2d 834) (1943); Code Ann. § 6-1610; Code Ann. § 6-1804. Cf. *Bird v. Riggs,* 210 Ga. 297 (79 SE2d 803) (1954); *Rahal v. Titus,* supra. The trial court properly refused to consider Akins' motion for new trial as it had no power to do so. See *King v. State,* supra.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

SUBMITTED SEPTEMBER 24, 1976 — DECIDED OCTOBER 26, 1976.

*Ben Lancaster,* for appellant.
*Richard Bell, District Attorney, Calvin A. Leipold,*

---

[2]"Ordered and adjudged that the motion for new trial will not be considered by this court, as said defendant has exhausted his appellate remedies by taking his previous direct appeal to the Supreme Court of Georgia in Supreme Court Case Number 28356."

*Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.