## 33194. BARFIELD v. DAMPIER.

HALL, Justice.

Applicant was tried and convicted of armed robbery, and sentenced to four years in prison, which he is currently serving in the Colquitt Correctional Institute. During his trial the court charged on alibi stating in part: "The burden is on the accused to establish his alibi, not beyond a reasonable doubt, but to the reasonable satisfaction of the jury." Subsequent to petitioner's trial we held that such a charge is impermissibly burden-shifting (*Patterson v. State*, 233 Ga. 724, 729-730 (213 SE2d 612) (1975)), and that to give a burden-shifting charge renders the trial fundamentally unfair. *Parrish v. Hopper*, 238 Ga. 468, 469 (233 SE2d 161) (1977).

We requested the Attorney General to file an amicus curiae brief in this case on the questions of whether *Patterson* should be held retroactive, and whether the charge as a whole violated applicant's rights.

1. It is not necessary in this case to decide whether or not *Patterson*, supra, is fully retroactive under Mullaney v. Wilbur, 421 U. S. 684 (1975), and Hankerson v. North Carolina, 432 U. S. 233 (1977). *Patterson* is at least retroactive to trials conducted after December 16, 1968 under Bassett v. Smith, 464 F2d 347 (5th Cir., 1972), cert. denied, 410 U. S. 991 (1973). The applicant's trial was in June of 1969.

The trial court erred in denying relief on the conclusion that *Patterson* is to be given prospective effect only.

2. The Attorney General and the trial court agree that the charge in applicant's case violates the *Patterson* rule on alibi.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., Bowles and Marshall, JJ., who dissent.*

SUBMITTED JANUARY 20, 1978 — DECIDED APRIL 4, 1978.

*Donald J. Coffey, James C. Bonner, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, B. Dean*

*Grindle, Jr., Assistant Attorney General, G. Keith Murphy,* amicus curiae.