## 63500. ANDERSON v. THE STATE.

BANKE, Judge.

The defendant appeals his convictions for selling methamphetamine and methylenedioxy-amphetamine (MDA) in violation of the Controlled Substances Act. *Held:*

1. The trial court did not err in refusing to allow the defendant to propound the following question to the prospective jurors on voir dire: "In the event the judge charged the jury that the burden was on the state to prove the defendant's guilt beyond a reasonable doubt and the defendant did not have any burden to prove his innocence to them and that if after the court charged them this, are there any of them who would still expect the defendant to take the stand and testify as to his innocence?" Counsel may ask the prospective jurors questions on voir dire "touching any matter or thing which would illustrate any interest of the juror in the cause, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning or bias which the juror might have respecting the subject-matter of the suit, or counsel or parties thereto, and religious, social and fraternal connections of the juror." Code Ann. § 59-705. Defense counsel's question did not touch on any of these areas, but sought to have the jurors prejudge how they might view the defendant's failure to testify. The trial court did not abuse his discretion in refusing to allow it. See generally *McNeal v. State,* 228 Ga. 633, 636 (187 SE2d 271) (1972); *Young v. State,* 131 Ga. App. 553 (2) (206 SE2d 536) (1974).

2. The court did not err in refusing to give the following request to charge: "I charge you members of the jury that the sworn testimony of the defendant has the same evidentiary value as the testimony of any other witness." The trial court correctly charged the jury that they were "the exclusive judges of the credibility of the witnesses and the weight you shall give their testimony, and that applies to all of the witnesses in the case." The charge requested by the defendant sought to single out the defendant for special attention as to the weight and credibility of his testimony and thus was properly denied. Cf. *Jester v. State,* 131 Ga. App. 269, 270 (205 SE2d 444) (1974).

3. The judgment of the trial court not being in error for any reason assigned, it is accordingly affirmed.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MARCH 10, 1982 —
REHEARING DENIED MARCH 25, 1982.

*Judson R. Knighton,* for appellant.
*Thomas Charron, District Attorney, Mary E. Staley, Assistant District Attorney,* for appellee.