### 38689. ZANT v. AKINS.

MARSHALL, Justice.

On May 8, 1973, the appellee was convicted of burglary, as well as the brutal rape and kidnapping of a six-year-old girl. For the rape and kidnapping convictions he was given death sentences, which were set aside in his direct appeal on the ground that Georgia's death penalty statute was not enacted until after the appellee committed the crimes giving rise to the death sentences. *Akins v. State,* 231 Ga. 411 (202 SE2d 62) (1973). On January 2, 1974, the appellee filed a motion for new trial which the trial court refused to consider. On appeal, the judgment was affirmed. *Akins v. State,* 237 Ga. 826 (229 SE2d 645) (1976).

On January 6, 1981, the appellee filed the present petition for writ of habeas corpus, complaining of ineffective assistance of appellate counsel and a burden-shifting alibi charge, among other things. Habeas relief was granted on the two foregoing grounds, and the warden appeals.

1. The ineffective-assistance-of-counsel ruling is based on a finding that appellate counsel, who also served as trial counsel, did not consider raising any issues in the appellee's direct appeal except as related to imposition of the death sentences. For reasons which follow, we hold that this finding is clearly erroneous. Therefore, the habeas judge erred in ruling that the appellee received ineffective assistance of appellate counsel.

Appellate counsel testified that he considered raising other issues in the appellee's direct appeal, but that he found no viable issues to raise other than challenging the validity of imposition of the death sentences. Appellate counsel further testified that it was his practice not to raise frivolous issues in an appeal, since it dilutes the thrust of the weightier issues. In respect to the alibi charge, appellate counsel testified that he did not challenge it on appeal since it was a correct statement of then existing law. We agree.

These facts do not make out a claim of ineffective assistance of counsel. See generally, Engle v. Isaac, 456 U. S. —— (102 SC 1558, 71 LE2d 783) (1982).

2. At the appellee's trial, the trial judge charged the jury: "Alibi as a defense should be established to the reasonable satisfaction of the jury but not necessarily beyond a reasonable doubt."

We are constrained to agree with the appellee that this charge is unconstitutionally burden-shifting under Smith v. Smith, 454 F2d 572 (5th Cir. 1971), cert. den. 409 U. S. 885 (93 SC 99, 34 LE2d 141) (1972), and Patterson v. State, 233 Ga. 724 (7) (213 SE2d 612) (1975). See also Barfield v. Dampier, 241 Ga. 168 (1) (243 SE2d 876) (1978); Bassett v. Smith, 464 F2d 347 (5th Cir. 1972). Cf., Poole v. Georgia, 551 F2d 683 (5th Cir. 1977). However, we find that under the facts of this case, the appellee has waived his objection to this defect in the jury charge.

At the conclusion of the appellee's trial, the trial judge inquired of counsel whether there were any exceptions to the charge. Defense counsel responded with a question concerning the portion of the jury charge dealing with the right previously enjoyed by criminal defendants of making unsworn statements, but there were no other objections to the charge.

"Code Ann. § 70-207 (a) provides that in civil cases, 'no party may complain of the giving or the failure to give an instruction to the jury, unless he objects thereto before the jury returns its verdict.' When this statute was enacted in 1966, it applied to 'all cases.' Ga. L. 1966, pp. 493, 498. The [A]ct was amended in 1968, Ga. L. 1968, pp. 1072, 1078, to provide that the provisions 'shall not apply in criminal cases.' The statute relieves the defendant in a criminal case from making exceptions as to errors in a charge.

"Through an evolutionary process, this court has interpreted the [C]ode section and found certain instances in which the relief granted to the defendant may be waived by the defendant and certain other instances where the defendant may lose his right to relief by inducing the court to make an erroneous charge . . .

"In order to avoid waiver, if the trial court inquires if there are

objections to the charge, counsel must state his objections or follow the procedure set forth in *Gaither v. State,* 234 Ga. 465 (216 SE2d 324) (1975), and approved in *White [v. State,* 243 Ga. 250 (253 SE2d 694) (1979)], of reserving the right to object on motion for new trial or on appeal. Here defense counsel neither objected nor reserved the right to later object, and under such circumstances, the defendant has waived the right to raise the issue on appeal." *Jackson v. State,* 246 Ga. 459 (271 SE2d 855) (1980). See also United States v. Frady, 456 U. S. —— (102 SC 1584, 71 LE2d 816) (1982); Engle v. Isaac, supra.

*Judgment reversed. All the Justices concur, except Smith and Weltner, JJ., who concur specially.*

DECIDED SEPTEMBER 28, 1982.

*Michael J. Bowers, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.
*Jerry McBrayer,* for appellant.
Chester Thomas Akins, *pro se.*

WELTNER, Justice, concurring specially.

Akins' death sentences were set aside in 1972. His conviction was affirmed by this Court in 1974.

Now, more than ten years after the kidnapping and rape of a six-year-old child, he complains *for the first time* of an error in the charge — given more than nine years ago.

Habeas corpus is a civil proceeding. There is no reason that a bar for want of timeliness should not be interposed here, as in other civil matters, particularly as this defendant has been before this Court twice before. I would reverse for want of timely application.

I am authorized to state that Justice Smith joins in this concurrence.